UNITED STATES of America, Plaintiff-Appellee,

v.

Terry Lee HENSEL, Defendant-Appellant.

No. 81–3066.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 5, 1981.

Decided March 16, 1982.

Certiorari Denied June 7, 1982. See 102 S.Ct. 2907.

William Bluth, Max Kravitz, Columbus, Ohio, for defendant-appellant.

James Cissell, U. S. Atty., Robert C. Brichler, Asst. U. S. Atty., Columbus, Ohio, for plaintiff-appellee.

Before LIVELY and KEITH, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

On appeal from a jury conviction for receipt of a stolen motor vehicle which had moved in interstate commerce, the defendant-appellant raises two issues which require discussion. In the first place he contends that the district court abused its discretion in denying his motion for a continuance. The purpose of the requested continuance was to obtain the presence at the trial of one or more witnesses whom the defendant had attempted to subpoena. The district court denied the motion for a continuance conditionally and held a hearing on the defendant's motion to suppress evidence. The defendant contended that a witness whom he had not been successful in subpoenaing could provide material evidence on the suppression issue. The defendant was not able to inform the court of the exact whereabouts of the witness or state that the witness would be present at a later time. The court then permitted the defendant to make a proffer of the testimony which he believed the witness would give if present. At the conclusion of the suppression hearing the district court found that even if the absent witness had been present and had testified as stated in the proffer, such testimony would not have changed the result and the court would have denied the motion to suppress. We find no abuse of discretion in the district court's denial of the motion for a continuance.

The second issue raised by the defendant relates to the search of a truck which he was driving at the time he was stopped by a law enforcement officer. When the defendant was unable to produce a driver's license or the registration for the truck, the officer asked the defendant to show him the serial number of the truck. At that time the defendant informed the officer that the truck had no serial number and the officer entered the cab of the truck and noticed that part of a manufacturer's decal had been scraped away. After taking possession of the truck the officer found its serial number by removing a black tape which had been placed over that number. It was then learned that a truck with that serial number had been reported stolen some six weeks earlier.

The district court held that the defendant had no legitimate expectation of privacy in the stolen truck and thus had no standing to contest the warrantless search of the truck which produced the evidence that it was stolen. We agree with the district court that the defendant lacked standing to challenge the search of the truck because he had no legitimate expectation of privacy in the stolen vehicle or its contents. *United States v. Hargrove*, 647 F.2d 411 (4th Cir. 1981); *see Rakas v. Illinois*, 439 U.S. 128, 143–44 & n. 12, 99 S.Ct. 421, 430–31 & n.12, 58 L.Ed.2d 387 (1978). The motion to suppress was properly denied.

We have considered the other issues raised by the defendant in his brief and conclude that they have no merit.

The judgment of the district court is affirmed.