779 F.2d 52
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LESTER ROBERTS, Plaintiff-Appellant
v.
ACE HARDWARE, INC., PERRYSBURG, OHIO; ACE HARDWARE, INC.,
OAK BROOK, ILLINOIS, Defendants-Appellees.
 84-3636
 United States Court of Appeals, Sixth Circuit.
 10/30/85
 AFFIRMED
 N.D.Ohio
 ORDER
 
 1
 BEFORE: KEITH and MILBURN, Circuit Judges; and HIGGINS, District Judge.*
 
 
 2
 Plaintiff appeals the district court's orders entered May 25, June 4, June 18, and June 27, 1984, in this Title VII race discrimination action. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff filed this Title VII action in 1981, alleging race discrimination in employment. On November 21, 1983, the parties filed a stipulation dismissing the case with prejudice. The stipulation was signed by William J. Moore as plaintiff's attorney. The district court entered an order on that date accepting the stipulation and dismissing the complaint with prejudice. On December 5, 1983, plaintiff's attorney, Robert Affeldt, filed motions for a temporary restraining order and preliminary injunction on the grounds that attorney Moore was not entitled to the attorneys' fees generated from settlement of the case. The motions requested the court to forbid Moore from using the settlement money. The court declined to consider the motions on the grounds that it lacked jurisdiction since the case was closed. Affeldt then moved for an evidentiary hearing to determine the validity of the settlement on the grounds that Moore and Ace Hardware's attorneys had misled the plaintiff. This motion was supported by an affidavit in which plaintiff Roberts stated that attorney Moore coerced him into accepting the settlement. The district court construed the motion as a Fed.R.Civ.P. 60(b) motion for relief from judgment. The court denied the motion on the grounds that although Rule 60(b)(3) allows relief from judgment based on fraud of the adverse party, Affeldt's motion alleged fraud by Attorney Moore, who absconded with the fees, not by Ace Hardware.
 
 
 4
 Ace Hardware then filed a motion for costs and attorneys' fees under Fed.R.Civ.P. 11 for time spent responding to Affeldt's post-judgment motions. Affeldt filed a motion to stay consideration of the motion pending resolution of a similar motion in Meyers v. Ace Hardware, No. C81-255. The court denied the motion for stay and ordered Affeldt to respond to the motion for attorneys' fees. Affeldt then filed a response in which he claimed that Moore had no authority to settle the case and that Ace Hardware made out the settlement checks to Moore and failed to inform plaintiff that the settlement was part of a settlement 'package' involving dismissal of three cases. On May 25, 1984, the court granted the motion for costs and fees. The court further ordered that a hearing on the amount would be held on June 8, 1984. Affeldt then filed a Rule 60(b) motion for relief from the November 21, 1983, January 23, 1984, and May 25, 1984, judgments. The court denied the motion by endorsed order on June 4, 1984. On the same date, Affeldt also filed a motion to vacate the June 8 hearing date on the grounds that he needed more time for discovery and he was under a doctor's care. The court denied the motion by endorsed order on the same date. The hearing was apparently held on June 8, but Affeldt did not appear. On June 18, 1984, the court entered an order awarding Ace Hardware $1000 in costs and attorneys' fees against Affeldt. On June 26, 1984, Affeldt filed a motion to alter or amend the June 18 order awarding costs and fees on the grounds that the May 25 judgment was not supported by facts, Affeldt was unable to prepare for the June 8 hearing, and he was unable to attend the June 8 hearing due to medical reasons. The Court denied this motion by endorsed order on June 27. Affeldt then filed a notice of appeal from the orders of June 27, 1984, June 18, 1984, June 4, 1984 (denying Rule 60(b) motion for relief from November 21, 1983, and January 23, 1984 orders), June 4, 1984 (denying motion to vacate evidentiary hearing), May 25, 1984, January 23, 1984, and November 21, 1983. Ace Hardware moved to dismiss the appeal as untimely. On March 18, 1985, this Court dismissed the appeal from the orders of November 21, 1983, January 23, 1984, and June 4, 1984 (denying Rule 60(b) motions). The remaining orders are now before the Court on this appeal. All of these orders (May 25, June 4 [denying motion to vacate hearing], June 18, and June 27) concern the award of costs and attorneys' fees under Fed.R.Civ.P. 11.
 
 
 5
 Affeldt's first argument on appeal is that he was entitled to a hearing before the court ruled on the Rule 11 motion for costs and attorneys' fees. Rule 11 was amended in 1983 to provide that an attorney's signature on a pleading certifies that 'to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.' If an attorney violates Rule 11, the district court may impose sanctions against the attorney, such as assessing costs and attorneys's fees incurred by the other party in opposing the pleading. Affeldt argues that due process requires a hearing before attorneys' fees can be imposed as a sanction for bad faith conduct in litigation, citing Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980). Roadway does not control in this case because the attorneys' fees sanction was imposed under Rule 11, not the inherent powers of the federal court. Rule 11 does not expressly require that a hearing be held before the sanctions are imposed. The Advisory Committee Notes on the 1983 amendment provide that although the procedure for assessing sanctions must comport with due process,' [t]he particular format to be followed should depend on the circumstances of the situation and the severity of the sanction under consideration. In many situations the judge's participation in the proceedings provides him with full knowledge of the relevant facts and little further inquiry will be necessary.' Affeldt was given an opportunity to respond to the Rule 11 motion and did file a response. To impose the Rule 11 sanction, the district court need only find that the claim asserted had absolutely no merit under existing law and no reasonable argument could be advanced to change the law. Eastway Construction Corp. v. City of New York, 762 F.2d 243 (2d Cir. 1985); see Miller v. Affiliated Financial Corp., 600 F. Supp. 987 (N.D. Ill. 1984); Goldman v. Belden, 580 F. Supp. 1373 (W.D. N.Y. 1984). In this case, Affeldt filed three post-judgment motions alleging fraud. Affeldt claimed that Attorney Moore coerced plaintiff into accepting the settlement and then collected the fee. Affeldt does not deny that Moore had authority to conduct negotiations and had appeared before the court as co-counsel, even though Moore had not filed an appearance. It is clear that Affeldt's real complaint is that Moore settled the case for less than Affeldt would have and then appropriated the entire fee. This does not state a claim of fraud against Ace Hardware. Rule 60(b)(3) requires fraud by an adverse party to warrant relief from judgment. Since it is clear from the documents before the Court that Affeldt's post-judgment motions had no merit, a hearing was not necessary. See Eastway Construction Corp. v. City of New York, supra; Miller v. Affiliated Financial Corp., supra, 600 F. Supp. at 992 n. 9 (unnecessary hearing on Rule 11 motion may itself be a Rule 11 violation).
 
 
 6
 Affeldt's second argument is that he was denied due process by the district court's denial of his motion to 'vacate' the June 8 evidentiary hearing to establish the amount of costs and attorneys' fees. Affeldt claimed in his motion to 'vacate' that he needed clarification of Ace Hardware's claim, time for discovery to oppose the claim, and that he was 'under a doctor's care' in Florida. In effect, Affeldt was requesting a continuance. The district court did not abuse its discretion in denying the motion. See United States v. Hensel, 672 F.2d 578 (6th Cir.), cert. denied, 457 U.S. 1107 (1982).
 
 
 7
 Affeldt's final argument is that the $1000 costs and attorneys' fees award was unsupported. The court's June 18 order does not review the evidence supporting the award or make any factual findings. Affeldt did not order the hearing transcript for the appeal. The propriety of the $1000 award cannot be reviewed without evidence in the appellate record showing what occurred at the June 8 hearing. The appellant is required to provide the transcript on appeal when necessary for appellate review. Fed.R.App.P. 10(b)(1); Crawford v. Western Electric Co., 614 F.2d 1300, 1304 (5th Cir. 1980). If the issue urged on appeal is that the judgment was unsupported by the evidence, the appellant must include in the record a transcript of all relevant evidence. Fed.R.App.P. 10(b)(2). In the absence of a necessary transcript, the sufficiency of the evidence to support the judgment cannot be questioned on appeal. King v. Carmichael, 268 F.2d 305, 306 (6th Cir. 1959), cert. denied, 361 U.S. 968 (1960). Therefore, the Court cannot review this issue since Affeldt did not include the hearing transcript in the record.
 
 
 8
 Accordingly, it is ORDERED that the district court's orders are affirmed.
 
 
 
 *
 The Honorable Thomas A. Higgins, U. S. District Judge for the Middle District of Tennessee, sitting by designation