481 So.2d 40 (1985)
The STATE of Florida, Appellant,
v.
Joel Adolph SCOTT, Appellee.
No. 84-2699.
District Court of Appeal of Florida, Third District.
December 17, 1985.
Rehearing Denied January 24, 1986.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellant.
Michael J. Knowles, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
Having concluded that Scott was unlawfully arrested in the absence of probable cause, the lower court suppressed cocaine discovered in the ensuing search of the car he was driving at the time. We affirm on the grounds that (a) the factual findings made below are amply supported by the record considered in the light of the express credibility determinations of the trial judge with which we may not interfere, DeConingh v. State, 433 So.2d 501 (Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984); and (b) contrary to the state's contention, based on Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), that the defendant lacked "standing" to contest the search because he did not own the vehicle, it is necessarily the case that one may challenge a seizure incident to his own arrest on the ground that the arrest itself was illegal. Kersey v. State, 58 So.2d 155 (Fla. 1952); Hansen v. State, 385 So.2d 1081 (Fla. 4th DCA 1980), cert. denied, 392 So.2d 1379 (Fla. 1980); see State v. Conger, 183 Conn. 386, 439 A.2d 381 (1981) (even driver of stolen car may challenge vehicle search on ground of illegality of stop or arrest, because such search follows violation of personal right to free movement; distinguishing Rakas as not involving any challenge to the constitutionality of the initial stop or arrest); LaFave, Search and Seizure § 11.3 (1978), and cases collected at 282-91 (Supp. 1985).
Affirmed.