517 So.2d 696 (1987)
STATE of Florida, Appellant,
v.
Carolyn M. DELANEY, Appellee.
No. 87-663.
District Court of Appeal of Florida, Second District.
October 23, 1987.
Rehearing Denied December 22, 1987.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellee.
LEHAN, Judge.
We affirm the trial court's suppression of evidence seized upon an unlawful stop of the car in which defendant was a passenger.
The car was parked during daylight hours in a parking lot of a bar in an area where narcotics were known to be distributed. The arresting officer had seen no more activity involving the car than that a man approached, leaned into, and walked away from the car. Thus, the stop was based upon no more than a bare suspicion. See Cobb v. State, 511 So.2d 698 (Fla. 3d DCA 1987); Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984); State v. Beja, 451 So.2dx 882 (Fla. 4th DCA 1984).
We agree with the trial court that the defendant properly challenged the stop, Beja, and that Dean v. State, 478 So.2d 38 (Fla. 1985), effectively overruled Kayes v. State, 409 So.2d 1075 (Fla. 2d DCA 1981), petition for rev. denied, 424 So.2d 762 (Fla. 1982), to the extent that Kayes held that a passenger in a car has no standing to challenge the stop of the car. See Delaware v. Prouse, 440 U.S. 648, 662, 99 S.Ct. 1391, 1400-01, 59 L.Ed.2d 660, 672-73 (1979).
Affirmed.
SCHOONOVER, A.C.J., and FRANK, J., concur.