533 So.2d 1191 (1988)
Alan Zachary WULFF, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2671.
District Court of Appeal of Florida, Second District.
November 18, 1988.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
The issue in this appeal is whether a passenger in a car in which contraband is found has standing to challenge the initial stop of the car. The trial court, upon reading in the appellant's motion to suppress that the appellant was a passenger in the car stopped by police, denied the motion without a hearing, holding that the appellant lacked standing. The appellant then pled nolo contendere reserving the right to appeal the denial of his motion. The parties stipulated that the denial of the motion was dispositive. We hold that the appellant has standing to contest the stop and that the trial court erred by not affording the appellant a hearing.
The facts alleged in this case, taken from the appellant's motion to suppress, are summarized as follows: Police officers had a house under surveillance for suspected illegal drug activity. The surveilling officers saw a man enter the house, but they did not see this man or the appellant leave it. Later, the police stopped a car driven by a man wearing a shirt similar in color to the one worn by the man seen entering the house. The appellant was a passenger in the car. A subsequent search of the car revealed contraband drugs which the appellant sought to have suppressed as evidence.
In this appeal we do not reach the question whether a passenger has standing to challenge the admissibility of evidence obtained during the search of the car. Cf. State v. Bartz, 431 So.2d 704 (Fla. 2d DCA 1983) (a passenger has the burden to establish a reasonable expectation of privacy in the car). The appellant argues only that he should have been allowed to present evidence on the narrower threshold question whether the stop of the vehicle in which he was a passenger was lawful. He is correct, of course, that the detention of his person in the stop of the car by police constituted a "seizure" within the meaning of the fourth amendment. State v. Jones, 483 So.2d 433 (Fla. 1986). It follows then that he has standing to object to the initial stop of the vehicle in which he was a passenger, *1192 and he should have been heard on his claim that the stop of the vehicle was done without a founded suspicion of illegal activity. State v. Delaney, 517 So.2d 696 (Fla. 2d DCA 1987).
Reversed and remanded for further proceedings in accordance with this opinion.
CAMPBELL, C.J., and SCHOONOVER, J., concur.