546 So.2d 49 (1989)
Vincent NELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0855.
District Court of Appeal of Florida, Fourth District.
June 28, 1989.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
GARRETT, Judge.
In the early morning hours of April Fool's Day, 1987, appellant sat behind the driver's wheel alone in a car backed in the driveway of a house to which he had no connection. As a West Palm Beach police officer approached, appellant started the car to pull out onto the street. The officer blocked the car with his police cruiser forcing appellant to stop in the driveway. The officer learned from the police dispatcher that the car was stolen. Appellant was arrested and charged with Grand Theft. Appellant entered a no contest plea reserving the right to appeal the trial judge finding appellant lacked standing to object to the stopping of the stolen car.
The stop neither occurred randomly nor as a pretext. Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); Kehoe v. State, 521 So.2d 1094 (Fla. 1988). A rightful owner of a legally titled and registered car has a limited expectation of privacy. South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). A driver of a stolen car has no expectation of privacy. United States v. Hargrove, 647 F.2d 411 (4th Cir.1981). Society does not recognize any right to operate a stolen car.
If the driver of a stolen car does not have standing to object to a search of the car, then the driver of a stolen car does not have standing to object to a seizure of the car. Hargrove. "Things" placed in a stolen car by a driver are not afforded Fourth Amendment protection, therefore a driver *50 is not afforded Fourth Amendment protection when he "places" himself in a stolen car. Cf. Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977).
We affirm the trial court's denial of appellant's motion to suppress. Since appellant had no right to start the car, he had no right to object to its stop.
AFFIRMED.
GUNTHER, J., concurs.
STONE, J., dissents with opinion.
STONE, Judge, dissenting.
Were it not for the apparently unlawful stop, I would concur in affirming. However, the sole issue decided, and presented to us, is whether the defendant had standing to raise Fourth Amendment issues with respect to evidence observed in open view following an unlawful stop.
Our record reflects no apparent cause for the officer blocking the driveway, which prevented the defendant from driving out.[1] A subsequent check of the license tag number, which had not been visible from the road, revealed that the car was stolen.
I agree that generally, the driver of a stolen vehicle does not have standing to contest a search or seizure because he has no privacy interest to protect. See, e.g., United States v. Paulino, 850 F.2d 93 (2d Cir.1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1967, 104 L.Ed.2d 435 (1989); United States v. Hargrove, 647 F.2d 411 (4th Cir.1981). However, the appellant asserts that even if he does not have standing to contest evidence uncovered following a lawful stop, he does have standing to object to evidence obtained as a result of an illegal stop and seizure. See State v. Jones, 483 So.2d 433 (Fla. 1986); State v. Beja, 451 So.2d 882 (Fla. 4th DCA 1984); State v. Delaney, 517 So.2d 696 (Fla. 2d DCA 1987); State v. Scott, 481 So.2d 40 (Fla. 3d DCA 1985), rev. denied, 492 So.2d 1335 (Fla. 1986). In my judgment, the trial court erred in finding that the defendant had no standing to challenge the illegality of his stop, but that is not to say that any specific evidence sought to be produced is necessarily the "fruit of the poisonous tree" of the illegal stop, or that the inevitable discovery or independent source exceptions may not apply. See generally Murray v. United States, ___ U.S. ___, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988); Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984); Segura v. United States, 468 U.S. 796, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984); United States v. Bailey, 691 F.2d 1009 (11th Cir.1982), cert. denied, 461 U.S. 933, 103 S.Ct. 2098, 77 L.Ed.2d 306 (1983); United States v. Schmidt, 573 F.2d 1057 (9th Cir.), cert. denied, 439 U.S. 881, 99 S.Ct. 221, 58 L.Ed.2d 194 (1978); State v. LeCroy, 461 So.2d 88 (Fla. 1984), cert. denied, 473 U.S. 907, 105 S.Ct. 3532, 87 L.Ed.2d 656 (1985); State v. Griffith, 500 So.2d 240 (Fla. 3d DCA 1986), rev. denied, 509 So.2d 1117 (Fla. 1987); Hayes v. State, 488 So.2d 77 (Fla. 2d DCA), cert. denied, 479 U.S. 831, 107 S.Ct. 119, 93 L.Ed.2d 65 (1986); 4 W. LaFave at § 11.4. Nor would I prematurely determine, on the limited record and issue presented, whether there was even a search or seizure constituting a violation of Fourth Amendment protections. See generally Michigan v. Chesternut, 486 U.S. 567, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988); California v. Greenwood, 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988); Smith v. Maryland, 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979); 1 W. LaFave, Search and Seizure, §§ 2.1, 2.2, 2.4, 2.5 (1987).
I would therefore reverse on the standing issue but remand for a hearing to consider these additional issues.
NOTES
[1] The matter was submitted to the trial court on very limited agreed facts. There was also a deposition taken of the officer which has not been included in the appellate record.