PER CURIAM.
The state appeals an order of the circuit court suppressing physical evidence seized from an automobile driven by appellee Michael Bonser. We reverse.
The arresting officer testified at the suppression hearing that he stopped appellee’s car after appellee made a right turn without signalling. § 316.155(2), Fla.Stat. (1989). Appellee was unable to produce a driver’s license, which the law requires him to carry. § 322.15(1), Fla.Stat. (1989). The vehicle was registered in someone else’s name. The female passenger stated the car belonged to a friend of hers, but the name she gave, “Nathan,” was not the name on the certificate. In fact, a call to the owner revealed that the car had been stolen. The incriminating evidence, including a firearm, was discovered during the subsequent search of the car.
The trial court found that the traffic stop was a pretext, conducted only after the officer had formed a bare suspicion that appellee had picked up a prostitute. Although conceding he “may have had that thought,” the officer insisted that he often made stops for this and similar civil traffic infractions. It is undisputable that appel-lee could have received a traffic citation for what he did. Accordingly, the fact the officer may have had an additional motive for stopping the car is immaterial. State v. *162 Renda, 553 So.2d 373 (Fla.2d DCA 1989). Furthermore, although not crucial to the result we reach, it is difficult to imagine how appellee would have any privacy interest in a stolen car. See Nelson v. State, 546 So.2d 49 (Fla. 4th DCA), jurisdiction accepted, 550 So.2d 467 (Fla.1989).
Reversed.
THREADGILL, A.C.J., and PARKER and ALTENBERND, JJ., concur.