578 So.2d 694 (1991)
Vincent NELSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 74421.
Supreme Court of Florida.
March 28, 1991.
Rehearing Denied May 10, 1991.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for respondent.
SHAW, Chief Judge.
We review Nelson v. State, 546 So.2d 49 (Fla. 4th DCA 1989), based on conflict with State v. Scott, 481 So.2d 40 (Fla. 3d DCA 1985), review denied, 492 So.2d 1335 (Fla.), cert. denied, 479 U.S. 931, 107 S.Ct. 402, 93 L.Ed.2d 355 (1986), and Wulff v. State, 533 So.2d 1191 (Fla. 2d DCA 1988). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
Vincent Nelson was stopped on April 1, 1987, as he was driving a car out of the driveway of a residence onto the street. A police officer effectuated the stop by placing his police car in front of the exiting car, and petitioner was arrested when a subsequent license tag check disclosed that the car was stolen. Petitioner entered a "no contest" plea, reserving the right to appeal the trial judge's ruling, affirmed by the district court, that he lacked standing to challenge the legality of his stop.
Terry v. Ohio, 392 U.S. 1, 16, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889 (1968), teaches us that there is a seizure whenever a police officer accosts an individual and restrains his freedom. See also Delaware v. Prouse, 440 U.S. 648, 653-54, 99 S.Ct. 1391, 1395-96, 59 L.Ed.2d 660 (1979) *695 (stopping an automobile and detaining its occupant, even briefly, constitutes a seizure within the meaning of the fourth amendment to the United States Constitution); State v. Jones, 483 So.2d 433, 435 (Fla. 1986) (same). The constitution forbids unreasonable seizures.[1] Therefore, under normal circumstances, petitioner would be free to challenge the reasonableness of his seizure. The issue, as posed by the ruling below,[2] is whether petitioner can be denied the right to challenge the reasonableness of his seizure because he was stopped while driving a stolen car. We hold that he cannot, and join our sister court, which, when faced with this identical issue, held:
Stopping a motor vehicle and detaining the occupant constitutes a seizure within the meaning of the fourth and fourteenth amendments, even though the stop is limited and the resulting detention is quite brief. As such the stop must comport with objective standards of reasonableness, whether that amounts to probable cause or a less stringent test. Rakas v. Illinois, [439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978)], does not teach otherwise,[[3]] for in that case the defendants did not question the constitutionality of the initial stop of their car. The defendant, as an occupant of the truck, has an interest in continuing his travels without government intrusion. Thus his fourth amendment rights could have been violated by the stopping of the truck even though the truck was stolen.
State v. Conger, 183 Conn. 386, 390-91, 439 A.2d 381, 384 (1981) (citations omitted).
The cases relied upon by the state, United States v. Lanford, 838 F.2d 1351 (5th Cir.1988); United States v. Hensel, 672 F.2d 578 (6th Cir.), cert. denied, 457 U.S. 1107, 102 S.Ct. 2907, 73 L.Ed.2d 1316 (1982); and United States v. Hargrove, 647 F.2d 411 (4th Cir.1981), involve the search and seizure of property in which the defendant had no ownership or possessory interest, therefore the defendant lacked standing to assert a fourth amendment right to privacy in the property. The instant case, by contrast, involves the seizure of Nelson himself. This obvious distinction was recognized in Lanford, where the court, while holding that Lanford lacked standing to challenge the search of property not his own, noted that: "Lanford does, of course, have standing to challenge the search of his person." Lanford, 838 F.2d at 1353.
The state also contends that Nelson should be denied standing because there is no valuable social purpose served by extending the fourth amendment's protection to a criminal. We disagree. The valuable social purpose served by extending the constitution's protection to all persons, even a criminal, aptly was stated in Mapp v. Ohio, 367 U.S. 643, 659, 81 S.Ct. 1684, 1694, 6 L.Ed.2d 1081 (1961), limited on other grounds, United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984): "Nothing can destroy a government more quickly than its failure to observe its own laws, or worse, its disregard of the charter of its own existence."
We conclude that the driver of a stolen vehicle has standing to challenge his stop. We emphasize that we are addressing only the issue of standing, the dispositive issue below. We approve Wulff and Scott,[4] *696 quash Nelson, and remand for proceedings consistent with this opinion.
It is so ordered.
OVERTON, BARKETT and KOGAN, JJ., concur.
GRIMES, J., concurs with an opinion, in which McDONALD, J., concurs.
GRIMES, Judge, concurring.
I am constrained to concur in this opinion because otherwise there would be nothing to prevent the police from stopping any car under any circumstances in the hope of occasionally finding a stolen one.
McDONALD, J., concurs.
NOTES
[1] The fourth amendment to the United States Constitution provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
[2] The district court, in holding that petitioner lacked standing, reasoned: "A driver of a stolen car has no expectation of privacy... . `Things' placed in a stolen car by a driver are not afforded Fourth Amendment protection, therefore a driver is not afforded Fourth Amendment protection when he `places' himself in a stolen car." Nelson v. State, 546 So.2d 49, 49-50 (Fla. 4th DCA 1989) (citation omitted).
[3] Neither does Minnesota v. Olson, ___ U.S. ___, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990), teach otherwise.
[4] Wulff v. State, 533 So.2d 1191 (Fla. 2d DCA 1988), held that an auto passenger has standing to challenge the lawfulness of the auto's stop despite the presence of contraband in it. State v. Scott, 481 So.2d 40 (Fla. 3d DCA 1985), review denied, 492 So.2d 1335 (Fla.), cert. denied, 479 U.S. 931, 107 S.Ct. 402, 93 L.Ed.2d 355 (1986), held that a driver of a cocaine-bearing auto has standing to challenge his illegal arrest despite not being the auto's owner.