SCHEB, Judge.
Defendant, Dallas Price, in separate jury trials, was convicted of grand theft auto and two counts of armed robbery. The court imposed two life sentences for the robberies with a consecutive ten year sentence for the grand theft. We reverse and remand with instructions.
*891 Prior to trial, the defendant filed a motion to suppress, contending the police unlawfully stopped and searched his person and the vehicle he was driving. Consequently, he asked that all evidence, including statements he made after his arrest, be suppressed. At the hearing on the motion, the state produced a witness who testified that she owned the 1987 Ford Escort the defendant was driving when he was stopped. She reported that it had been stolen. At that point, the trial judge ruled that, considering the evidence that the defendant was driving a stolen vehicle, the burden shifted to him to establish that he had standing. When the defendant announced he had no evidence to present, the trial judge denied his motion.
In these consolidated appeals, the defendant contends the trial judge erred in determining he did not have standing. He requests this court vacate his convictions and sentence. Alternatively, he asks that we remand for a full hearing on his motion to suppress. We agree that the trial court erred in determining that the defendant had no standing to challenge the police stop of the vehicle he was driving.
In Nelson v. State, 546 So.2d 49 (Fla. 4th DCA 1989), the defendant, Vincent Nelson, entered a nolo contendere plea to a charge of grand theft. He reserved the right to appeal the trial judge’s ruling that because the car he was driving was stolen, he lacked standing to challenge the legality of the stop. The Fourth District affirmed, based on the rationale that a driver of a stolen ear has no expectation of privacy which society is prepared to recognize.
In the instant case, when the trial judge heard the defendant’s motion, he applied the law as interpreted by the Fourth District in Nelson. While these appeals were pending, however, the Florida Supreme Court quashed the Fourth District’s opinion and held that a petitioner cannot be denied the right to challenge the reasonableness of his seizure because he was stopped while driving a stolen vehicle. Nelson v. State, 578 So.2d 694 (Fla.1991).
In its holding, the Florida Supreme Court adopted the view expressed by the Supreme Court of Connecticut when it was faced with the identical issue in State v. Conger, 183 Conn. 386, 439 A.2d 381 (1981). There, as here, the defendant moved to suppress evidence obtained when he was stopped while driving a stolen vehicle. At the pretrial hearing, the court did not address the legality of the stop but merely considered whether the defendant possessed “standing” to challenge it. The Connecticut Supreme Court held that although the defendant did not possess a reasonable expectation of privacy in the vehicle and therefore had no standing to challenge its search, United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); Rakas v. Illinois, 439 U.S. 128, 143, 99 S.Ct. 421, 430, 58 L.Ed.2d 387 (1978),the was entitled to be heard as to the legality of the initial stop. The court set aside the judgment and remanded for resolution of that issue. In explaining the trial court’s role on remand the court said:
A new trial on all counts will be required only if the court concludes that the initial stop was unconstitutional. Such a conclusion will, of course, require new determinations regarding the admissibility of much of the crucial evidence in the case. If, on the other hand, the court on remand finds the initial stop to have been constitutional, then no new trial will be necessary. In this event the court should render a new judgment of conviction which will furnish a basis for further appellate review if desired.
Conger, 439 A.2d at 385, n. 7.
In Nelson, the Florida Supreme Court aligned itself with Conger on the issue of standing and remanded for proceedings consistent with its own opinion. Nelson dealt with a defendant who had pled nolo contendere, reserving his right to challenge the denial of his motion to suppress. In directing further proceedings, the supreme court obviously intended that the trial court conduct a hearing on the defendant’s motion. In contrast, the case before us is procedurally analogous to Conger, where the denial of the defendant’s pretrial motion to suppress resulted in a jury trial where the defendant was convicted. We *892 presume that in such an instance, the supreme court envisions a defendant should be afforded the same relief as the Connecticut Supreme Court detailed in Conger.
Accordingly, we vacate the judgments and sentences and remand for further proceedings consistent with this opinion.
SCHOONOVER, C.J., and CAMPBELL, J., concur.