595 So.2d 44 (1992)
STATE of Florida, Petitioner,
v.
Troy SINGLETON, Respondent.
No. 78033.
Supreme Court of Florida.
March 12, 1992.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., Miami, for petitioner.
Bennett H. Brummer, Public Defender and Louis Campbell, Asst. Public Defender, Miami, for respondent.
OVERTON, Justice.
The State of Florida petitions for review of Singleton v. State, 578 So.2d 896 (Fla. 3d DCA 1991), which held that Singleton had standing to contest a search of an automobile which he did not have the permission or consent of the owner to use. We find conflict with Tongue v. State, 544 So.2d 1173 (Fla. 5th DCA 1989), and also find that the district court misapplied our decision in Nelson v. State, 578 So.2d 694 (Fla. 1991).[1] For the reasons expressed, we quash the decision of the district court and uphold this search.
The relevant facts reflect that on January 29, 1990, Singleton was driving a car owned by his girlfriend, Sandra Pinder. While in possession of her car, Singleton committed burglaries and placed the bounty from his crimes in the trunk of the car. During one of the burglaries, Singleton received a gunshot wound and went to a hospital emergency room. As is customary when a gunshot victim arrives at an emergency room, law enforcement officials were notified and an officer responded to inquire of the victim. Singleton told the officer he had been shot when he was "jumped" by a man.
Meanwhile, outside the emergency room, another officer observed blood on the driver's side of Pinder's car. Pinder was present and stated that she was the owner of the vehicle. She told the investigating officer that Singleton did not have permission *45 to drive the car that day and consented to a search of vehicle. The search uncovered a 35-millimeter camera and a video camera. Singleton was arrested and the items were subsequently identified as being stolen.
At trial, Singleton moved to suppress the evidence found in Pinder's car. Singleton argued that he had a possessory and privacy interest in the vehicle which gave him standing to challenge the search. Singleton also argued that Pinder's consent to the search was involuntary. The trial judge limited the hearing to the question of Singleton's standing to challenge the search. After a full evidentiary hearing, the trial judge denied the motion, stating: "Ordered and adjudged that said motion be and the same is hereby denied. Defendant did not have the permission or consent of the owner of the subject vehicle and was not driving said vehicle at the time of said search and therefore lacks the requisite legal standing to challenge the search thereof. U.S. v. Peters, 791 F.2d 1270 [(7th Cir.), cert. denied by Odoner v. United States, 479 U.S. 847, 107 S.Ct. 168, 93 L.Ed.2d 106 (1986)]." The district court of appeal reversed, holding that our decision in Nelson allowed Singleton standing to challenge the search.
First, we find that our decision in Nelson does not apply to the circumstances in this cause. The issue in Nelson concerned whether a defendant who was arrested while in a stolen vehicle had standing to challenge his stop under the principles of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We held that the defendant had standing to challenge the stop of his person.[2] The search of a person and the search of an area or a vehicle are different. The law is clear that for a defendant to have standing to challenge a search, he or she must show a proprietary or possessory interest in the area of search or that there are other factors which create an expectation of privacy which society is willing to recognize as reasonable. Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).
In Rakas, the United States Supreme Court held that the driver of a stolen automobile had no right to challenge the search of the stolen vehicle because he did not have a legitimate expectation of privacy in that vehicle. In Nelson, we held that Nelson had standing to challenge his stop. We recognized the distinction between the seizure of property in which the defendant did not have a possessory interest and the seizure of a person by stating:
The cases relied upon by the state, United States v. Lanford, 838 F.2d 1351 (5th Cir.1988); United States v. Hensel, 672 F.2d 578 (6th Cir.), cert. denied, 457 U.S. 1107, 102 S.Ct. 2907, 73 L.Ed.2d 1316 (1982); and United States v. Hargrove, 647 F.2d 411 (4th Cir.1981), involve the search and seizure of property in which the defendant had no ownership or possessory interest, therefore the defendant lacked standing to assert a fourth amendment right to privacy in the property. The instant case, by contrast, involves the seizure of Nelson himself. This obvious distinction was recognized in Lanford, where the court, while holding that Lanford lacked standing to challenge the search of property not his own, noted that: "Lanford does, of course, have standing to challenge the search of his person." Lanford, 838 F.2d at 1353.
Nelson, 578 So.2d at 695. Consistent with this view, the Fifth District Court of Appeal, in Tongue, held that a defendant who was detained while driving a murder victim's automobile had no expectation of privacy in the vehicle and no legal right to complain of its search which led to the discovery of the victim's body in the trunk.
We hold that Singleton had no standing to challenge the search of Pinder's vehicle, and we find no violation of the Fourth Amendment to the United States Constitution. Rakas.
*46 Accordingly, we approve the decision of the Fifth District Court of Appeal in Tongue and quash the decision of the district court of appeal in this case with directions that this cause be remanded to the trial court for proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
[2] No issue was presented to this Court on whether Nelson had standing to challenge the search of the stolen vehicle.