UNITED STATES of America

v.

William STEVENSON, Defendant.

No. 92 Cr. 485 (VLB).

United States District Court,
S.D. New York.

Oct. 1, 1992.

Barbara Guss, Asst. U.S. Atty., White Plains, N.Y. for U.S.

Richard D. Willstatter, White Plains, N.Y., for William Stevenson.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

The defendant is charged with interstate transportation of a stolen motor vehicle,

altering a vehicle identification number ("VIN") and making false statements, in violation of Title 18 U.S.C. §§ 2312, 2313, 511(a), and 1623. Defendant moves pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, (1) to suppress as evidence information obtained from numbers imprinted on the motor vehicle, (2) to dismiss the indictment on the grounds of prosecutorial vindictiveness, and (3) to suppress statements made by the defendant.

## I.

The defendant Stevenson and co-defendant Theodore Rollins were arrested on February 20, 1991, and charged with armed bank robbery. The car Stevenson was driving at the time was impounded. Rollins pled guilty to the charge; Stevenson was acquitted on June 26, 1991. Thereafter Mr. Stevenson requested return of the impounded vehicle. Judge Goettel, by letter dated July 15, 1991, informed Stevenson's counsel that because the Government might seek the vehicle's forfeiture, defendant would have to file a formal motion for return of the property. In early October 1991, at about the same time as defendant filed his petition for return, the FBI inspected the vehicle and found a VIN on it which indicated that the vehicle was stolen, leading to the current indictment.

When vehicles are impounded, law enforcement officials "generally follow a routine practice of securing and inventorying the automobiles' contents. These procedures developed in response to three distinct needs: the protection of the owner's property while it remains in police custody; the protection of the police against claims or disputes over lost or stolen property; and the protection of the police from potential danger...." *South Dakota v. Opperman*, 428 U.S. 364, 369, 96 S.Ct. 3092, 3097, 49 L.Ed.2d 1000 (1975) (citations omitted).

In *New York v. Class*, 475 U.S. 106, 106 S.Ct. 960, 89 L.Ed.2d 81 (1985), the Court held that a defendant has "no reasonable expectation of privacy in the VIN" even on a purely routine traffic stop. *Class*, 475 U.S. at 114, 106 S.Ct. at 966. In *Harris v. United States*, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968) (per curiam), the Court upheld the seizure of an automobile registration card found face up on the metal stripping over which the passenger's door closes. The Court concluded that because the discovery of the card was not the result of an evidentiary search but merely of a measure taken to protect the vehicle while in police custody, no warrant was required.

■ The forfeiture action in this case was brought approximately four months after the defendant's acquittal on other charges. Whether or not such a delay was reasonable must be determined based upon the following factors: 1) length of delay, 2) reason for delay, 3) timing of claimant's assertion of his rights, and 4) prejudice to the claimant. *United States v. U.S. Currency in the Amount of $228,536*, 895 F.2d 908 (2nd Cir.), *cert. denied*, 495 U.S. 958, 110 S.Ct. 2564, 109 L.Ed.2d 747 (1990) (three-year delay in bringing forfeiture action following claimant's conviction was reasonable) (citing *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). The relatively short delay here was reasonable because the government has offered a valid explanation for it and the delay has not prejudiced Mr. Stevenson's forfeiture defense.

■ Moreover, the defendant has failed to show any property interest in the seized motor vehicle and lacks standing to challenge its search. The test for standing under the Fourth Amendment is whether governmental officials violated any legitimate expectation of privacy held by the party seeking to exclude the evidence obtained through the challenged search. *Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980). In *United States v. Hensel*, 672 F.2d 578, 579 (6th Cir.), *cert. denied*, 457 U.S. 1107, 102 S.Ct. 2907, 73 L.Ed.2d 1316 (1982), the Court stated that where a defendant was stopped by a law enforcement officer, he "lacked standing to challenge the search of the truck because he had no legitimate expectation of privacy in the stolen vehicle or its contents." See also *United States v. Hargrove*, 647 F.2d 411 (4th Cir.1981); *United*

States v. Lanford, 838 F.2d 1351 (5th Cir. 1988) (defendant lacked standing to challenge the search of a stolen automobile).

Accordingly, the motion to suppress the vehicle and the information obtained from the vehicle's VIN is denied.

## II.

■ Defendant's motion for dismissal of the indictment based on prosecutorial vindictiveness is likewise denied. Prosecutorial vindictiveness has not been suggested by any specific facts in this case, and can be presumed only in narrow circumstances not presented here. See generally *United States v. Hinton*, 703 F.2d 672, 678 (2d Cir.) *cert. denied*, 462 U.S. 1121, 103 S.Ct. 3091, 77 L.Ed.2d 1351 (1983).

Defendant's claim of vindictive prosecution is not based on any invidious grounds such as race, creed, color, national origin, on some reason for personal dislike, or on any other such reason. Nor does he suggest that an increased sentence or other penalty is being sought because the defendant obtained an acquittal at his earlier trial.

Here, an entirely new crime has been discovered. "Where the new or additional charges were not known to a prosecutor at the time of an original trial or where the circumstances have changed, the presumption of vindictiveness does not apply." *United States v. Esposito*, 968 F.2d 300, 302–03 n. 1 (3rd Cir.1992).

Were a defendant immunized from future prosecution merely because he was previously acquitted of some other crime, criminal behavior would be shielded with no benefit to the innocent or to the public. No authority supports such a proposition.

## III.

A hearing will be scheduled on defendant's motion to suppress statements to government agents.

SO ORDERED.