Craig L. **PARHAM**, Plaintiff,

v.

Detective Frank **SUPPA**, Village of Port Chester and Village of Port Chester Police Department, Defendants.

No. 93 Civ 5700 (VLB).

United States District Court, S.D. New York.

Feb. 8, 1994.

Robert W. Folchetti, Stockfield & Fixler, Carmel, NY, for plaintiff.

George A. O'Hanlon, Port Chester, NY, for defendants.

VINCENT L. BRODERICK, District Judge.

### I

Plaintiff Craig L. Parham ("Parham") has filed this suit under 42 U.S.C. § 1983 seeking damages for an alleged illegal arrest for possession of a stolen vehicle. Parham was in a stolen car (which he had also driven previously) when it was stopped because of a defective headlight. Parham was later arrested pursuant to a warrant after it became clear that the car was stolen. Parham has waived the pendent state claims set forth in the complaint.

Defendants have moved for summary judgment under Fed.R.Civ.P. 56. Because the undisputed facts show that the police did not violate federal law, the motion is granted. The clerk is directed to close this case.

### II

An arrest warrant for Parham was issued pursuant to a felony complaint, signed by a state judge on January 4, 1993, supported by an affidavit by the owner of the vehicle that it was stolen. A complaint was sworn to on December 23, 1992 alleging the elements of the offense.

Written police reports of December 22, 1992 and submitted to the state court with the affidavit[1] set forth that the vehicle involved was stopped because one headlight was out. Parham was in the car, which was found to have an altered Vehicle Identification Number: the car was being driven with a key not manufactured for the vehicle in question.[2] In his deposition, plaintiff confirmed that he had driven the vehicle in question prior to the time the police stopped the vehicle.

### III

■ Where a warrant is obtained from a neutral magistrate, substantial weight must be given to the fact that this precaution was taken and the warrant issued. *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *Aguilar v. Texas*, 378 U.S. 108, 111, 84 S.Ct. 1509, 1512, 12 L.Ed.2d 723 (1964); *United States v. Travisano*, 724 F.2d 341, 345 (2d Cir1983); *United States v. Zucco*, 694 F.2d 44, 46 (2d Cir1982).

■ The information presented by the authorities establishes probable cause for the arrest. Parham's testimony at his deposition that he drove the stolen vehicle, while secured during discovery rather than prior to the arrest, is relevant in evaluating the totality of the circumstances,[3] and confirms that the totality of the information available to the police led them in the right direction.

■ The first question in the present case is whether or not a federal constitutional violation occurred. Where an arrest is challenged as violative of the Federal Constitution, the primary focus should be upon whether or not probable cause was present, especially where a warrant was issued. See *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1962).

■ Although not all of the information submitted with the felony complaint was formally labelled as part of that complaint, the police reports were submitted with the complaint and were before the state judge who granted the warrant. To ignore this reality would "trivialize" the Fourth and Fourteenth Amendments.[4] Parham has cited no authority for not treating papers submitted with an affidavit as exhibits thereto.

Permitting form to prevail over substance is hardly a hallmark of adjudication under broadly phrased guarantees.[5] There is no basis for Parham's request that the court assume that the state jurist acted as a rubber stamp.

Formal attachment of reports submitted as part of an affidavit in connection with the application for the warrant would have been desirable and should be encouraged in training of officers. Given that information adequate to support the warrant and the arrest was available to the issuing officer at the time of both the issuance of the warrant and the arrest, only harmless error, if any, is involved. See *Arizona v. Fulminante*, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); *Yates v. Evatt*, 500 U.S. 391, 111 S.Ct. 1884, 114 L.Ed.2d 432 (1991); *Clemons v. Mississippi*, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990); *United States v. Mechanik*, 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986); *Chapman v. California*,

---

1. Deposition of officer Frank Suppa, Nov. 18, 1993 at 40.

2. The relevant documents are attached as exhibits to the motion (Dkt No 9). Concerning Vehicle Identification Numbers, see authorities cited, *United States v. Stevenson*, 803 F.Supp. 825 (SDNY1992).

3. Subsequent events "may be used to shed light on the true character of matters occurring within" a prior period. *Lodge 1424 v. NLRB*, 362 U.S. 411, 416, 80 S.Ct. 822, 826, 4 L.Ed.2d 832 (1960); see *United States v. Ramirez*, 894 F.2d 565, 569 (2d Cir1990); *Eatz v. DME Unit of Local Union No. 3*, 794 F.2d 29 (2d Cir1986);

*Phoenix Canada Oil Co. v. Texaco*, 842 F.2d 1466, 1487 (3d Cir1988).

4. *Parratt v. Taylor*, 451 U.S. 527, 545, 101 S.Ct. 1908, 1917–18, 68 L.Ed.2d 420 (1981) (Stewart, J. concurring), *overruled on another point, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

5. As stated by Justice Harlan F. Stone, dissenting in *Dimick v. Schiedt*, 293 U.S. 474, 490, 55 S.Ct. 296, 302, 79 L.Ed. 603 (1935): "Our great instrument of government, intended to endure for unnumbered generations, is concerned with substance and not with form."

386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

IV

 One who obtains an arrest warrant can only be held to have acted improperly "if the complaint was made maliciously and without probable cause." *Malley v. Briggs,* 475 U.S. 335, 340–41, 106 S.Ct. 1092, 1095–96, 89 L.Ed.2d 271 (1986). Since the warrant was valid (see Section III *supra*), there was probable cause and the absence of malice, the prerequisites of Parham's claim are not present. The "qualified immunity defense ... provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Id.* at 341, 106 S.Ct. at 1096. Officers are liable only if "it is obvious that no reasonably competent officer would have concluded that a warrant should issue; but if officers of reasonable competence could disagree on this issue, immunity should be recognized." *Id.*

It can hardly be said that no reasonably competent law enforcement officer would find arrest of Parham appropriate or that a "well-trained officer would have known" that what was done "was illegal despite the magistrate's authorization." *United States v. Leon,* 468 U.S. 897, 922 n. 23, 104 S.Ct. 3405, 3420 n. 23, 82 L.Ed.2d 677 (1984).

V

 Parham is not seeking suppression of allegedly improperly obtained evidence, but money damages. In order to prevail, Parham must have been "subjected" or "caused ... to [have been] subjected" to a deprivation of a federal constitutional right. *Oklahoma City v. Tuttle,* 471 U.S. 808, 829–30, 105 S.Ct. 2427, 2439, 85 L.Ed.2d 791 (1985).

 Based on the undisputed facts, the state had the authority and adequate reasons to arrest Parham. These facts were the primary operative reason for his arrest.

A correctable procedural deficiency if established, such as that papers that were available should have been, but were not, attached to the affidavit for the warrant, does not establish that the actual event—Parham's arrest—would not in any case one have oc- curred. Thus Parham has not established that a deficiency in the affidavit, rather than his presence in, and previous driving of, the stolen car was the source of any damage incurred by Parham. See *Holmes v. Securities Investor Protection Corp.,* — U.S. —, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992).

SO ORDERED.