PER CURIAM.
Jorge Torres appeals the denial of his motion to suppress evidence seized pursuant to a warrantless search of his person following the stop of a ear in which he was a passenger. The trial court denied the motion on the basis that Mr. Torres did not *678 have standing to challenge the legality of the stop because he was a passenger in the car. The State correctly concedes that Mr. Torres does have standing, and that the trial court erred in denying Mr. Torres’ motion on this basis. See State v. Delaney, 517 So.2d 696 (Fla. 2d DCA 1987). Accordingly, we reverse Mr. Torres’ conviction and the denial of his motion to suppress, and remand for an evidentiary hearing on the merits of his motion. See Wulff v. State, 533 So.2d 1191 (Fla. 2d DCA 1988), approved in Nelson v. State, 578 So.2d 694 (Fla.1991).
Reversed and remanded with directions.
THREADGILL, A.C.J., and ALTENBERND and FULMER, JJ., concur.