ALTENBERND, Judge.
Matthew Clifford appeals his judgment and sentence for possession of cocaine.[1] We reverse because there was no probable cause supporting his stop.
The Highlands County Sheriffs Department received a telephone call on September 3, 1997, from a known confidential informant whose information had been used and found reliable on approximately twelve prior occasions. The informant said that Mr. Clifford would leave his job at the end of the work day in a red Chevrolet Geo and go to Avon Park to purchase cocaine in a neighborhood known to be a source of drugs. The deputies did observe the Geo leaving the workplace at the end of the work day and traveling to the neighborhood. The officers followed the car to Avon Park but did not follow the car into the neighborhood for fear they would be identified. Thus, the officers were unable *93 to observe any transaction involving Mr. Clifford. When the Geo left the neighborhood, the police stopped the car and ordered the driver out of the car. A short while later, the police conducted a pat-down search of the passenger, Mr. Clifford. During the search, the officer felt a lump in Mr. Clifford’s shirt pocket. The officer reached into the pocket and retrieved a slab of cocaine.
The unusual twist in this ease is the fact that the informant was the driver of the car. An informant’s predictions of future innocent behavior can sometimes authorize the police to stop and search a car. See State v. Flowers, 566 So.2d 50 (Fla. 2d DCA 1990); State v. Edwards, 547 So.2d 183 (Fla. 2d DCA 1989). Cf. Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990) (involving anonymous telephone tip). In this case, however, the informant did not predict someone else’s behavior — he simply told the police what he planned to do in the very near future. The police knew that the informant would be the driver of the car. They did not attempt to inspect his car for drugs prior to this event or to eavesdrop on any conversations between the informant and Mr. Clifford. There is no indication that the police had any information about Mr. Clifford other than that provided in the telephone call from the known informant. The record does not even suggest that the informant gave the officers more information at the scene of the stop prior to the search of Mr. Clifford.
We assume that the informant had no. objection to the police stopping his car, even though the police acted as if they were arresting him. We decline to treat this as a case in which a citizen voluntarily stops for the police because the informant did not testify that he stopped voluntarily, and the police used standard procedures to apprehend the car. Mr. Clifford, as a passenger, has standing to challenge the legality of the stop. See Wulff v. State, 533 So.2d 1191 (Fla. 2d DCA 1988), approved, Nelson v. State, 578 So.2d 694 (Fla.1991). We conclude that the informant’s information about his own behavior did not give the police a reasonable basis to conduct a Terry[2] stop in this case. As a result, we do not decide whether the search following the pat-down was unauthorized. The trial court erred when it failed to grant the motion to suppress the cocaine prior to trial.
Reversed and remanded.
PARKER, A.C.J., and NORTHCUTT, J., Concur.

. The judgment reflects a conviction for possession of cocaine with intent to deliver, but the State concedes that the conviction was for simple possession.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).