PALMER, J.
The State appeals the order entered by the trial court granting John Dixon Gentry’s (defendant) pre-trial motion to suppress evidence seized pursuant to a vehicle stop.[1] Determining that the trial court erred by granting the suppression motion, we reverse.
The defendant was charged by information with grand theft of a motor vehicle[2], possession of a schedule IV substance[3], and driving without a driver’s license[4]. He filed a pre-trial motion to suppress evidence seized pursuant to a vehicle stop and search, arguing that suppression was warranted because the investigating officer did not have a well-founded suspicion that the defendant, who was operating the vehicle, was committing, had committed, or was going to commit a crime, and, thus, the stop of the vehicle was illegal.
At the hearing on the motion to suppress, Sergeant Currie of the Holly Hill Police Department testified that, while he was on patrol at 4:00 in the morning, his attention was drawn to the defendant’s vehicle because the vehicle was stopped at a four-way stop with its brake lights engaged for roughly twenty minutes. Currie contacted Officer Blowers of the Daytona Beach Police Department because the defendant’s vehicle was located in Daytona Beach, not Holly Hill, and thus outside Currie’s jurisdiction. Blowers arrived within five minutes and pulled behind the defendant’s vehicle. He observed that the defendant had his head down. The defendant finally proceeded from the stop sign with Blowers following behind. Blowers then activated his emergency lights and conducted a traffic stop of the vehicle. The defendant was secured in Blowers’ patrol car after it was determined that the defendant did not have a valid driver’s license. Blowers and Currie then searched the vehicle and seized several items from within. The officers also discovered that the vehicle was stolen.
The prosecutor argued that suppression of the items seized pursuant to the search of the vehicle was not warranted because the defendant lacked standing to contest the search since the vehicle was stolen. The trial court rejected this argument and granted the defendant’s suppression motion:
I candidly do find that there was reasonable suspicion for the Holly Hill Police Sergeant Currie to — since the car was stopped for in excess of 20 minutes after 4 a.m. in the morning at a stop sign, four-way stop sign not moving, there was reasonable suspicion for Sergeant Currie to notify Daytona Beach police officer, and with the fellow officer rule there was reasonable suspicion for the officer to be suspicious, be it a DUI, *247 falling asleep situation or ill driver, that the driver did have his head down when he drove up behind him, and then when the driver saw the officer getting out of his car, he immediately drove off. I do find that there was reasonable suspicion to stop the driver, approach him, ask for a driver’s license, and then make an arrest when he found that there was no driver’s — that Mr. Gentry did not have a driver’s license. Arizona [v.] Gant, [— U.S. -] [129 S.Ct. 1710 [173 L.Ed.2d 485] (2009) ].
More troubling aspect is the U.S. Supreme Court decision, the recent decision. And I kind of wish the U.S. Supreme Court had addressed some of those other issues, inadvertent discovery, inventory incident to a towing situation, but they did not. And the most recent Florida appellate court decision we have that has been rendered subsequent to U.S. decision — U.S. Supreme Court decision in Gant, that was the K.S. decision out of the Second DCA, of course did not address those, so I guess that’s matters to be coming up.
Just based on the U.S. Supreme Court decision of Gant and then the — what appears to be, at least from what the attorneys have given me, the first— Florida District Court decision — or Florida appellate decision post Gant, that was the State v. K.S., 28 So.3d 985 (Fla. 2d DCA 2010). I will find that the Defendant had been arrested for no valid driver’s license, was handcuffed, was already in the patrol car, had no way— no access to that vehicle. And at least based on the U.S. Supreme — recent U.S. Supreme Court decision, Arizona [v.] Gant, and the March 5, 2010, decision of the Second — Florida Second DCA decision of K.S. I will grant the Defendant’s motion to suppress.
After the trial court issued its ruling, the prosecutor renewed the argument that the defendant lacked standing to challenge the search. However, the trial court again rejected the argument.
The State challenges the trial court’s suppression order, arguing that the trial court erred in concluding that the defendant possessed standing to challenge the legality of the search of the vehicle since it was stolen. We agree. A driver of a stolen vehicle does not possess standing to challenge the search of the vehicle. State v. Singleton, 595 So.2d 44, 45 (Fla.1992)(citing Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978)).
The defendant properly acknowledges that he lacked standing to challenge the search of the stolen vehicle, but he maintains that the trial court’s suppression order should be affirmed under the tipsy coachman doctrine.[5] Specifically, the defendant contends that the trial court’s suppression order should be affirmed because Blowers lacked the requisite reasonable suspicion to stop the vehicle. We disagree.
The Florida Supreme Court has recognized that an officer is justified in stopping a vehicle to determine the reason for the vehicle’s unusual operation. Bailey v. State, 319 So.2d 22, 26 (Fla.1975). Similarly, our court has explained:
If a police officer observes a motor vehicle operating in an unusual manner, there may be justification for a stop even when there is no violation of vehic *248 ular regulations and no citation is issued. “The courts of this state have recognized that a legitimate concern for the safety of the motoring public can warrant a brief investigatory stop to determine whether a driver is ill, tired, or driving under the influence in situations less suspicious than that required for other types of criminal behavior.” [State, Dep’t of Highway Safety & Motor Vehicles v.] DeShong, 603 So.2d [1349] at 1352 [ (Fla. 2d DCA 1992) ]. In determining whether such an investigatory stop was justified, courts must look to the totality of the circumstances.
Ndow v. State, 864 So.2d 1248, 1250 (Fla. 5th DCA 2004) (citations omitted). Here, under the totality of the circumstances, Officer Blowers’ suspicion that the defendant may have been impaired or ill was reasonable and, thus, justified the investigatory stop of the defendant’s vehicle.
The trial court’s order granting the defendant’s motion to suppress is reversed.
REVERSED and REMANDED.
ORFINGER and COHEN, JJ., concur.

. Jurisdiction is proper pursuant to rule 9.140(C)(1)(B) of the Florida Rules of Appellate Procedure.

. See § 812.014(2)(c)6, Fla. Stat. (2008).

. See § 893.13(6)(a), Fla. Stat. (2008).

. See § 322.03(1), Fla. Stat. (2008).

. See Robertson v. State, 829 So.2d 901, 906 (Fla.2002)(explaining that under the "tipsy coachman” doctrine, an appellate court can affirm a trial court's ruling if the trial court reached the right conclusion but for the wrong reasons, so long as there is a legal basis supporting the ruling).