DAKAN, STEPHEN LEE, Associate Judge.
Defendant appeals the denial of his Motion to Suppress physical evidence and a statement made subsequent to his arrest. Following the denial of this Motion to Suppress, he entered a plea of no contest and was sentenced, preserving his right to raise the issue of the denial on appeal.
The record indicates that police officers relying on a tip from an informant, stopped the Defendant in the beach area of Ft. Lauderdale and searched him. According to the officers, the informant told them that Defendant had in his possession certain stolen credit cards. The informant told the officers that he “believed” that the Defendant had “rolled someone to get them”. Acting solely on this information, the officers stopped Defendant on the sidewalk, retrieved his wallet from his pocket, and upon examination of the contents, found what later turned out to be stolen credit cards. Defendant was then arrested and “patted down”. This resulted in the officers finding a room key for a nearby Ramada Inn.
The officers took Defendant to the Ramada Inn. One of the officers testified that Defendant asked him if the officer would be willing to go by the Ramada Inn and pick up his belongings from his room before he was taken to jail. Defendant did not dispute the fact that the officers took him to the hotel, but indicated it was their idea and not his. In any event, upon arriving at the hotel, one of the officers remained in the lobby with Defendant, while others went upstairs to Defendant’s room for the purpose of securing his belongings. In the room they had found some merchandise in paper shopping bags with credit card receipt slips stapled to the outside. Apparently these credit card slips contained the name of the victim of the credit card theft. These items were also taken and placed into evidence.
Defendant was placed in a patrol car and on the way to the police station, according to the officers, he confessed to breaking into the victim’s automobile and stealing the credit cards. The trial judge denied Defendant’s Motion to Suppress the credit cards, the merchandise and slips found in the hotel room, and Defendant’s oral statement to the police officer. On appeal, Defendant appears to be concerned with the reliability of the information of the informant in support of the original search. Defendant argues that there was not sufficient information developed by the officer to form any “probable cause” for the search because the informant was not asked how he acquired the information he relayed to the officers and the officers made no effort to verify this information prior to searching Defendant. Defendant seems to feel that the reliability of the information together with the reliability of the informant himself is the key to the search.
The right of persons to be free from unreasonable searches and seizures is protected by the Fourth Amendment to the Constitution of the United States and Section 12 of Article I, Constitution of the State of Florida. To justify the warrant-less search by the officers in this case, the State must show that this search falls within one of the exceptions to the protections of the United States and Florida Constitutions. Certainly the original evidence produced from Defendant’s wallet was not incident to a lawful arrest, since the Defendant was not under arrest at the time he was searched. Likewise, there is no evidence that Defendant consented, either expressly or by his actions, to the initial stop and search. There is no contention by either the State or Defendant, nor is there any *171 evidence to support a contention that this search was conducted within the permitted boundaries of Section 901.151, Florida Statutes, known as the “Stop and Frisk law” nor was the search otherwise justified under the doctrine of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Other recognized exceptions to the constitutional protection against warrantless searches, such as the so-called “plain view” cases and the automobile search cases which have their genesis in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), are not applicable to the facts of this case. In this case, as in Martin v. State, 360 So.2d 396 (Fla.1978), the war-rantless search conducted by the officer was not incident to the arrest of the Defendant, but simply a search to obtain the evidence necessary for the arrest. The search should have been suppressed. See also, State v. Lundy, 334 So.2d 671 (Fla. 4th DCA 1976).
There seems to be some confusion about the effect of the information provided by the confidential informant in this case. This informant’s name was never disclosed, and he did not testify.. Defendant argues that even though he may have proved reliable in the past, the information given to the officer was not sufficient to support a search under the cases following the tests of the Aquilar-Spinelli doctrine. The State argues that this information was sufficient to provide “probable cause” for the search. We feel both positions are incorrect as to the issue in this case. The reliability of an informant and the credibility of the informant’s information are necessary to support a search warrant if this information is presented to a magistrate. This information is also critical in support of a warrantless arrest on the basis of a confidential informant’s information. Neither happened in this case. Although the informant’s information was the basis for the officers’ search, the warrantless search was not an exception to the protection of the Fourth Amendment and Section 12, Article I of the Florida Constitution. This Court need not discuss the issue of whether the informant’s information was sufficient to support “probable cause”.
The State argues that even if the initial search was unlawful and the evidence seized as a result of that search suppressed, the State still had sufficient evidence to convict the Defendant; therefore he may not prevail in this appeal. This argument is apparently based on the later seizing of the merchandise and credit slips from Defendant’s room. We feel this argument also fails. The key to Defendant’s room in the Ramada Inn was seized as a result of the arrest after the warrantless search. Had the Defendant not been improperly searched, and, therefore, improperly arrested, the key would never have been discovered. It is admitted, even by the officers, that at the time Defendant was taken to the hotel he was in custody and was on his way to jail. At best he gave permission for the officers to go to his room, (since he was not to be given that option) and retrieve his belongings. There was certainly no “consent search” of his room. Even the State does not argue that this case would fall within the so-called “plain view” doctrine so as to justify the seizing of the items. More importantly, but for the warrantless search and improper arrest, police officers would not have been in Defendant’s room. See Lundy v. State, supra. This would also apply to the confession later obtained by officers. See, e. g. Lower v. State, 348 So.2d 410 (Fla. 2d DCA 1977).
The decision of the trial court, denying Defendant’s Motion to Suppress the credit cards, the items taken from his hotel room, and his subsequent statements to the police officers, is hereby reversed, and the cause remanded for further proceedings.
ANSTEAD, J., concurs.
BERANEK, J., dissents with opinion.