451 So.2d 882 (1984)
STATE of Florida, Appellant,
v.
Kenneth E. BEJA, Harold Kenneth Lennon a/k/a Mark Allen Champ, Appellees.
Nos. 83-1095, 83-1937.
District Court of Appeal of Florida, Fourth District.
May 16, 1984.
Rehearing Denied June 27, 1984.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellee, Kenneth E. Beja.
Douglas N. Duncan of Foley, Colton & Duncan, P.A., West Palm Beach, for appellee, Harold Kenneth Lennon a/k/a Mark Champ.
DELL, Judge.
The State appeals from an order of the trial court granting appellee Beja's motion to suppress and an order granting appellee Lennon's motions to suppress. We affirm.
The information filed against appellees contained the following five counts: (1) loitering and prowling; (2) trafficking in cocaine; (3) possession of paraphernalia; (4) possession of cocaine; and (5) carrying a concealed firearm. The State charged Beja only with Counts (1), (2) and (3); and charged Lennon only with Counts (1), (4) and (5).
Appellee Beja filed a motion to suppress and alleged that the police stopped his car on nothing more than a hunch or bare suspicion. At the suppression hearing one of the arresting officers testified that during the course of an unrelated investigation at Ho Wah's Restaurant he learned that there had been numerous problems in the rear of the restaurant. After leaving Ho Wah's at approximately 11:00 P.M., the officers checked the rear area of the restaurant and saw a vehicle parked behind Super-X Drugs. As Officer Springer approached the car and turned on his spotlight the car started to move towards the officers' vehicle. Springer yelled, "Stop," two or three times before the car finally stopped.
*883 The trial court determined that the officers did not have a founded suspicion to stop appellees and granted appellee Beja's motion to suppress. At a subsequent hearing on appellee Lennon's motions to suppress, the State conceded that Lennon had standing to challenge the seizure of cocaine found in his pocket but argued that he had no standing to challenge the seizure of the firearm found in the vehicle because he was merely a passenger and had not established an expectation of privacy. The trial court granted both of Lennon's motions to suppress notwithstanding its finding that Lennon had not established an expectation of privacy in the vehicle.
Appellant raises two points on appeal. First, appellant challenges the trial court's determination that the officers lacked a founded suspicion of criminal activity and therefore effected an unlawful stop. Second, appellant contends that even if the officers effected an unlawful stop, the trial court erred in granting appellee Lennon's motion to suppress the firearm because he failed to establish standing.
Before an officer can stop an individual, he must have a founded suspicion that the individual has committed, is committing, or is about to commit a crime. State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978); § 901.151(2), Fla. Stat. (1983). In Stevens, this court described "founded suspicion" as
a suspicion which has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer's knowledge. "Mere" or "bare" suspicion, on the other hand, cannot support detention. Coleman v. State, 333 So.2d 503 (Fla. 4th DCA 1976). Mere suspicion is no better than random selection, sheer guess-work, or hunch, and has no objective justification. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and Thomas v. State, 250 So.2d 15 (Fla. 1st DCA 1971).
354 So.2d at 1247.
We agree with the trial court's determination that the facts of this case do not give rise to a founded suspicion of criminal activity, see Freeman v. State, 433 So.2d 9 (Fla. 2d DCA 1983); Schneider v. State, 353 So.2d 870 (Fla. 4th DCA 1977); Lower v. State, 348 So.2d 410 (Fla. 2d DCA 1977), and we hold that the police unlawfully stopped the car occupied by appellees Beja and Lennon.
Next, appellant contends that even if the court properly granted the motion to suppress with regard to appellee Beja, the court improperly granted appellee Lennon's supplemental amended motion to suppress the firearm. Appellant maintains that Lennon must have sufficient standing to bring a motion to suppress, Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); State v. Rivera, 400 So.2d 22 (Fla. 4th DCA 1981), petition for review denied, 408 So.2d 1095 (1981); and that other cases have held that passengers of automobiles must establish a legitimate expectation of privacy before a motion to suppress can be granted. See State v. Bartz, 431 So.2d 704 (Fla. 2d DCA 1983); State v. Davis, 415 So.2d 82 (Fla. 4th DCA 1982).
Appellee Lennon contends that a legal distinction exists when an individual challenges the lawfulness of the initial stop. According to appellee, a passenger has standing to challenge the initial stop and where the stop is found to be illegal, the evidence seized thereafter must be suppressed. While evidence seized as a result of an illegal stop must be suppressed, Mullins v. State, 366 So.2d 1162 (Fla. 1978), cert. denied, 444 U.S. 883, 100 S.Ct. 173, 62 L.Ed.2d 113 (1979); Whitley v. State, 349 So.2d 840 (Fla. 2d DCA 1977), the Second District Court of Appeal found in Kayes v. State, 409 So.2d 1075 (Fla. 2d DCA 1981), petition for review denied, 424 So.2d 762 (Fla. 1982), that the individual who rented and drove the car had the requisite expectation of privacy and therefore had standing to challenge the search, but the passenger did not.
We believe the reasoning in People v. Kunath, 99 Ill. App.3d 201, 54 Ill.Dec. 621, 425 N.E.2d 486 (1981), to be the better position. In Kunath, the court stated:

*884 Regardless of whether defendant had a legitimate expectation of privacy in the contents of the automobile so as to challenge successfully the search thereof, as a passenger he can challenge the stopping of the vehicle since his personal liberty and freedom were intruded upon by that act. (See generally LaFave, Search and Seizure, Vol. 3, § 11.3 (1978).) The Fourth and Fourteenth Amendments of the U.S. Constitution forbid unreasonable searches and seizures, and it is clear that stopping an automobile and detaining its occupants constitutes a "seizure" of those persons. (Delaware v. Prouse (1979), 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660. See also People v. Deppert (1980), 83 Ill. App.3d 375, 38 Ill. Dec. 675, 403 N.E.2d 1279. And, for the evidence seized as a result of that stop to be admissible, the stop must not have been unreasonable.
Id. at 205, 54 Ill.Dec. at 624, 425 N.E.2d at 489 (emphasis original). Therefore, we hold that appellee Lennon properly challenged the initial stop of the vehicle and had standing to suppress evidence seized as a result of the illegal stop, regardless of any expectation of privacy in the contents of the vehicle.
We recognize that our decision is in conflict with Kayes v. State, supra, and therefore we certify the following questions to the Supreme Court as questions of great public importance:
DOES THE STOPPING OF AN AUTOMOBILE AND DETAINING OF ITS OCCUPANTS CONSTITUTE A "SEIZURE" OF THOSE PERSONS?
IF THE STOP IS UNLAWFUL DOES A PASSENGER HAVE STANDING TO MOVE TO SUPPRESS EVIDENCE OBTAINED AS A RESULT OF THE UNLAWFUL STOP WITHOUT A SHOWING OF A REASONABLE EXPECTATION OF PRIVACY?
We affirm the orders of the trial court granting appellees' motions to suppress.
AFFIRMED.
DOWNEY and HERSEY, JJ., concur.