527 So.2d 916 (1988)
The STATE of Florida, Appellant,
v.
Jose C. MONTANO, Appellee.
No. 87-3072.
District Court of Appeal of Florida, Third District.
June 28, 1988.
*917 Robert A. Butterworth, Atty. Gen. and Charles M. Fahlbusch, Asst. Atty. Gen., for appellant.
Weiner, Robbins, Tunkey & Ross and Benjamin S. Waxman and Robert G. Amsel, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
The defendant-appellee Montano was a passenger in a car which, the prosecution stipulated below, was unlawfully, pretextually stopped by the police. See Kehoe v. State, 521 So.2d 1094 (Fla. 1988). In the ensuing search of the vehicle, the police discovered cocaine which Montano successfully moved to suppress. The state argued below and reiterates here only the contention that, although the stop and search were both constitutionally unjustified, Montano, as a mere passenger, did not have a reasonable expectation of privacy in the car which would give him "standing" to assert the claim. We reject this position.
It is well-settled that since the passenger's liberty interest in proceeding on his way in the vehicle was improperly interfered with by the lawless act of stopping the car, he has the requisite interest to assert the impropriety both of that stop and of the search which was based upon it. 4 W. LaFave, Search and Seizure § 11.13 (2d ed. 1987), and cases cited at n. 200 ("If either the stopping of the car or the passenger's removal from it are unreasonable in a Fourth Amendment sense, then surely the passenger has standing to object to those constitutional violations and to have suppressed any evidence found in the car which is their fruit."). Compare Rakas v. Illinois, 439 U.S. 128, 150-151, 99 S.Ct. 421, 434, 58 L.Ed.2d 387, 406 (1978) (Powell, J., concurring) ("[P]etitioners do not challenge the constitutionality of the police action in stopping the automobile in which they were riding... ."). As the first district recently said:
The State's contention that [a passenger] has no standing to object to the stop or resulting search is incorrect. The United States and Florida Constitutions forbid unreasonable searches and seizures. U.S. Const. amend. IV; Fla. Const. art. I, § 12. The Florida supreme court held in State v. Jones, 483 So.2d 433 (Fla. 1986), that `[u]nquestionably, stopping an automobile and detaining its occupant constitutes a seizure within the meaning of the fourth amendment to the United States Constitution.' 483 So.2d at 435. Regardless of any expectation of privacy, Adams clearly has standing to object to the stop of the vehicle in which he was riding since that stop resulted in his seizure. State v. Scott, 481 So.2d 40 (Fla. 3d DCA 1985); State v. Beja, 451 So.2d 882 (Fla. 4th DCA 1984).
Adams v. State, 523 So.2d 190, 192 (Fla. 1st DCA 1988); see also State v. Irvin, 483 So.2d 461, 462 n. 3 (Fla. 5th DCA 1986). Since it is conceded that the search was the product of an unlawful stop, this rule requires affirmance of the order of suppression below.
Affirmed.