541 So.2d 1354 (1989)
Alberto GONZALEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1941.
District Court of Appeal of Florida, Third District.
April 25, 1989.
*1355 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Yvette Rhodes Prescott, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and COPE, JJ.
PER CURIAM.
This is an appeal by the defendant Alberto Gonzalez from a judgment of conviction and sentence for unlawful possession of cannabis. This conviction and sentence was based on a nolo contendere plea entered below in which the defendant specifically reserved for appeal the denial of his motion to suppress the cannabis for which he stands convicted. We find no error in the denial of the motion to suppress and affirm.
The sole witness who testified below on the motion to suppress was a prison correctional officer employed in a prison detention facility in Dade County. This officer testified that on March 23, 1988 between 10:00 A.M. and 1:30 P.M. another correctional officer misplaced a ring of keys to a block of cells housing 280 inmates at the prison; the lost key ring contained three or four small keys and one large brass key approximately 4-5 inches long. The defendant was one of a group of inmates who at the time had been working as trustees in the area where the keys had disappeared. The above officer sought out the defendant who was in a different area of the prison and asked if the defendant had found the keys; the defendant denied any knowledge of the lost keys. This officer and another correctional officer then took the defendant into a bathroom and conducted a strip search of the defendant. During this search, the officers discovered and seized a quantity of marijuana from the defendant's pants pocket.
We agree that "a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime," that "[t]here is no iron curtain drawn between the constitution and the prisons of this country," Wolff v. McDonnell, 418 U.S. 539, 555-56, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935, 950 (1974), and that one of the constitutional rights retained by a prisoner, at least to some minimal extent, is the protection of the Fourth Amendment against unreasonable searches and seizures. Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). With respect to searches of the person of a prisoner, the court balances four factors in *1356 determining whether such searches are reasonable under the Fourth Amendment: (1) the scope of the intrusion, (2) the manner in which it was conducted, (3) the justification for initiating it, and (4) the place in which it was conducted. Bell; Vera v. State, 400 So.2d 1008, 1010 (Fla. 3d DCA 1981). Applying these standards, it seems clear to us that "a more substantial showing should be necessary to justify a search of the person [of a prisoner] when it involves a strip search or an intrusion into the body." 4 W. La Fave, Search and Seizure § 10.9(b), at 110 (2d ed. 1987).
The search in this case satisfies the above Fourth Amendment standards. Although the scope of the intrusion herein was considerable as it involved a strip search, the justification for doing so was particularly strong: (a) the keys to a cell block housing 280 prisoners had disappeared, thereby presenting an obvious danger of a mass prison escape, and (b) the defendant had been previously working in the area where the keys had disappeared. Moreover, the strip search was conducted in a private place, a bathroom, in the presence of two officers under non-abusive circumstances. This being so, we conclude that the search was a reasonable one under the Fourth Amendment.
Affirmed.