586 So.2d 473 (1991)
STATE of Florida, Appellant,
v.
Eric Tramine BROWN, Appellee.
No. 90-2002.
District Court of Appeal of Florida, Fourth District.
September 25, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sylvia H. Alonso, Asst. Atty. Gen., West Palm Beach, for appellant.
James T. Long, Vero Beach, for appellee.
STONE, Judge.
We reverse the trial court order suppressing cocaine seized in a strip search of appellee conducted prior to a formal "arrest."
A reliable informant-agent assisted the authorities in targeting an area known for drug traffic. The officers "wired" the informant with a body transmitting device to monitor his comments and conversations from a nearby vehicle. The informant, over the wire, advised the officers that he saw the appellee selling drugs. The appellee then sold cocaine to the informant. The officers "moved in" and seized the appellee. An initial pat down search uncovered nothing, at which time the informant advised the officers that he saw the appellee hide the drugs inside his pants.
With the consent of their supervisor, the officers took appellee to a nearby bathroom where the plastic bag containing the cocaine rocks were found, by observation, between his buttocks. There was testimony that this is a common manner of concealing cocaine.[1] Although the officers believed that they had probable cause to arrest the appellee[2] for the sale to the informant, they planned to arrest him only for possession of the cocaine in order to protect the identity of the informant.
The trial court concluded that the search must fail because it was not conducted incident to a completed arrest, specifically relying on Nicholo v. State, 379 So.2d 169 (Fla. 4th DCA), cert. denied, 388 So.2d 1118 (Fla. 1980). In Nicholo, this court determined *474 that the evidence, uncovered in a search resulting from an informant's tip that Nicholo possessed stolen credit cards, must be suppressed because the search was not incident to a lawful arrest or any other exception to the warrant requirement. In Nicholo, however, it does not appear that the informant provided any factual basis for the information to support a valid arrest on the tip alone. Here, on the other hand, the police had reliable detailed information which under the totality of the circumstances was sufficient to furnish probable cause for arrest. Therefore, it was not necessary that a formal declaration of "arrest" be made before searching the appellee, seized and in custody, for the evidence that the police knew he was hiding. Cf. State v. Byham, 394 So.2d 1142 (Fla. 4th DCA 1981); Adams v. State, 523 So.2d 190 (Fla. 1st DCA 1988); Thomas v. State, 395 So.2d 280 (Fla. 3d DCA 1981). See also Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, reh'g. denied, 396 U.S. 869, 90 S.Ct. 36, 24 L.Ed.2d 124 (1969); Council v. State, 442 So.2d 1072 (Fla. 3d DCA 1983); State v. Toro, 422 So.2d 1084 (Fla. 3d DCA 1982).
We note that appellee does not assert that the strip search would have been invalid if he had been formally arrested, for the sale, prior to the search. See generally Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); Gonzalez v. State, 541 So.2d 1354 (Fla. 3d DCA 1989). We also note that the appellee was not simply one suspect among many, or the object of an anonymous tip, or a misdemeanant. Rather, the police had direct evidence that he committed the felony prior to taking him into custody. Therefore, the order granting the motion to suppress is reversed.
ANSTEAD and WARNER, JJ., concur.
NOTES
[1] We note that there is no evidence of invasion of the body cavity by the officers.
[2] This is not disputed on appeal.