COBB, Judge.
The issue on this appeal is whether the trial court erred by imposing an agreed to thirty month sentence after violation of probation when the original sentence, prior to modification pursuant to section 958.04(2)(d), Florida Statutes (1991), was 18 months.
On October 19,1994, the trial court accepted Fayson’s guilty plea to violating community control and Fayson was adjudicated guilty of the underlying crimes of possession and sale of cocaine and was sentenced to 18 months incarceration. On April 12, 1995, pursuant to section 958.04(2)(d), Florida Statutes, and the recommendation of the Department of Corrections, the trial court modified Fayson’s sentence to 24 months probation.
Subsequently, an affidavit of violation of probation was filed against Fayson. Fayson pled guilty and was sentenced to 30 months imprisonment. During the hearing, it was clear that Fayson agreed, as part of his plea bargain, to the 30 months incarceration.
Fayson now contends that the lower court cannot impose a thirty month sentence when it originally imposed an 18 month sentence. Fayson’s rationale is that the 30 month sentence imposed after violation of probation was “more severe” than the 18 month sentence originally imposed for the same offenses.
In Johnson v. State, 574 So.2d 222, 224 (Fla. 5th DCA 1991), this court held that:
The double jeopardy clause of the federal constitution applies to the imposition of sentence as well as the determination of guilt and prohibits the imposition of a second or subsequent sentence after imposition of a valid sentence as to “the same offense.” Once a defendant has commenced the service of a valid sentence, the court cannot, constitutionally, again sentence him for the “same offense” or make the original sentence more onerous, [footnote omitted] The Legislature cannot authorize a violation of this fundamental constitutional right and section 958.04(4)(e) cannot constitutionally authorize, even after violation of probation, a second sentence imposing punishment more onerous or severe than that which has been imposed by a prior valid sentence on the same conviction of what is factually, legally and constitutionally “the same offense.”
Inasmuch as this court has held that the above represents fundamental error, the 30 month concurrent sentences are vacated. On remand, the 18 month concurrent sentences are to be reinstated with credit for time served.
REVERSED AND REMANDED.
W. SHARP and HARRIS, JJ., concur.