717 So.2d 200 (1998)
Bobby Lee SAVIORY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 97-2828.
District Court of Appeal of Florida, Fifth District.
September 18, 1998.
James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Simone P. Firley, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, Judge.
Saviory argues on appeal that the trial court erred in not suppressing physical evidence seized during a traffic stop. Saviory was convicted and sentenced for burglary of an occupied structure, robbery with a firearm, possession of a firearm by a convicted felon and grand theft auto. He pled to the *201 charges, reserving his right to appeal the suppression issue. We affirm.
Although the reports received by the police officers of a robbery and a BOLO for four suspected offendersblack males all wearing all black clothingwas not sufficient to give the police grounds to stop the car which Saviory was driving, the police officers did observe a traffic infraction, which justified the initial stop. Specifically, the police officers observed that a plastic blue cover had been placed over the car's license plate, making it difficult to read from a distance.
Section 316.605(1) provides that all letters, numerals, printing, writing and other identification marks on the license plate be clear and distinct and that nothing shall be placed on the face of a Florida license plate unless permitted by law. Section 316.605(1) also requires that a license plate be visible from 100 feet away. This tag was not readable at that distance.
Accordingly, the traffic stop was lawful. Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).
AFFIRMED.
COBB and GOSHORN, JJ., concur.