724 So.2d 580 (1998)
STATE of Florida, Appellant,
v.
Richard J. AUGUSTINE, Appellee.
No. 98-00558.
District Court of Appeal of Florida, Second District.
October 2, 1998.
Rehearing Denied December 15, 1998.
Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Assistant Public Defender, Clearwater, for Appellee.
THREADGILL, Acting Chief Judge.
In this capital sexual battery case, the State challenges an interlocutory order suppressing certain photographic and testimonial evidence obtained from a post-arrest strip search of the appellee, Richard J. Augustine. We reverse.
Augustine was arrested pursuant to a valid warrant, after an eleven-year-old female revealed that he had been forcing her to perform certain sexual acts on him for the past year. In an interview with a detective conducted three days before Augustine's arrest, the victim graphically described, and even *581 made a drawing of, a very prominent mark or mole in or near Augustine's groin area. If shown to exist, that distinguishing physical characteristic was, presumably, one which the child could not have known of but for the truth of her allegations. For that reason, after his arrest and upon his booking into the county jail, photographs were taken of Augustine's groin area during a routine strip search. The photographs depicted a mark on Augustine's upper right thigh. The mark was consistent with the victim's graphic description. When the detective thereafter asked Augustine about the mark, he essentially described it as a sore that recurs in the area.
Upon being charged with capital sexual battery, Augustine filed a motion to suppress the photographs taken during the strip search, as well as "testimony related to the strip search and any observations made during that search, and any [of his] statements... related thereto," as being violative of section 901.211, Florida Statutes (1997), which provides for post-arrest strip and body cavity searches. In its order granting the motion to suppress, the trial court defined the issue before it as centering on "the manner in which the [strip] search was conducted." It then found that no violation of section 901.211 had occurred, but that the jail's internal policy as to strip searches was violated, in that the photographs themselves depicted a search that went beyond what was necessary to "ascertain the existence of contraband" being brought into the jail. The trial court also found that police misconduct was established by the fact that, prior to Augustine's arrest, the detective involved in the case had probable cause to obtain a search warrant to verify the mark or mole, but did not do so.
A strip search conducted in violation of the statutory requirements set forth in section 901.211, in essence, establishes police misconduct and constitutes a Fourth Amendment violation. See D.F. v. State, 682 So.2d 149 (Fla. 4th DCA 1996). The appropriate remedy for a strip search conducted in violation of the statute is the suppression of the evidence obtained therefrom. Id. In D.F., clear violations of the express provisions of the statute were unquestionably established, and the State conceded as much. In the instant case, the trial court found no violation of the statuteand none was establishedand the trial court in fact found that the relevant provisions of the statute had been complied with. Since the trial court's duty is to enforce the laws of this state, and since the trial court here found that the controlling law had not been violated, there was no statutory basis for suppressing the evidence at issue herein.
Furthermore, the photographs in this instance depict a search that was not as broad as it could have beeneven under the internal jail policyas no body cavity search was performed, and Augustine was not physically required to do anything out of the ordinary. Thus, according to the photographs and the testimony at the hearing on the motion to suppress, the search herefor which, as the trial court found, there was pre-arrest probable cause to conductwas no more intrusive than any other routine strip search and was otherwise no more intrusive than it needed to be. See Gonzalez v. State, 541 So.2d 1354 (Fla. 3d DCA 1989)(Fourth Amendment involves consideration of four factors in determining the reasonableness of a search: namely, the scope of the intrusion; the manner in which the search was conducted; the justification for initiating it; and the place where it was conducted); see also State v. Brown, 586 So.2d 473 (Fla. 4th DCA 1991)(The Fourth District reversed the suppression of evidence seized in a strip search, though the defendant was not technically under arrest. The fact that there was probable cause to arrest was found to be sufficient to support the ensuing search.). The fact that the detective in this case did not obtain a pre-arrest search warrant is of no moment, because a valid arrest was effected and a routine strip search conducted upon booking into the county jail. See State v. Mejia, 579 So.2d 766, 767 (Fla. 3d DCA 1991)("a lawfully arrested person may be subjected to a complete search of his person and effects [for purposes of obtaining evidence] without the need for a search warrant.... `even though a substantial period of time has elapsed between the arrest and *582 subsequent administrative processing'"); cf. (Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966))(post-arrest drawing of blood over defendant's objection did not violate Fifth Amendment privilege against self incrimination); Jennings v. State, 512 So.2d 169 (Fla.1987)(upholding under inevitable discovery rule denial of motion to suppress photos depicting abrasions on defendant's genitalia, though photos derived from illegally obtained confession).
Based on the foregoing, the suppression order is reversed and the cause remanded for further proceedings.
Reversed.
WHATLEY and SALCINES, JJ., Concur.