728 So.2d 1195 (1999)
James COVINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3175.
District Court of Appeal of Florida, Fourth District.
March 10, 1999.
Richard L. Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
Appellant James Covington entered a plea of no contest to the charge of possession of a firearm by a convicted felon, reserving his right to appeal the denial of his motion to suppress a search and seizure for violation of the Fourth Amendment of the United States Constitution and Article I, Section 12 of the Florida Constitution. See § 924.06(3), Fla. Stat. (1997); Fla.R.App.P. 9.140(b)(2)(A).
A trial court's ruling on a motion to suppress comes to the reviewing court clothed with the presumption of correctness, "and the reviewing court will interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustain the trial court's ruling." McNamara v. State, 357 So.2d 410, 412 (Fla. 1978). In a written order denying the motion to suppress, the trial court made the following findings of fact:
On February, 18, 1997, at 1:50 P.M., Officer [Mario] Diaz was in an undercover vehicle, proceeding northbound on NW 9th Avenue in Fort Lauderdale. He turned eastbound onto NW 11th Street and saw the Defendant's car stopped in the middle of the roadway with the driver's door open, and the Defendant had one foot on the road. The Defendant's car was in the middle of the road, blocking traffic, straddling both lanes. The officer was going too fast to stop so he had to go around the Defendant's car and make a U-turn. The Defendant was talking with a black male, a known narcotics dealer, who was standing four or five feet away from the Defendant.

*1196 The black male was on a bike, and he was counting something in his hand. This area is a high crime area. Officer Diaz then blocked the Defendant's car and ordered him to stay in the car until back-up arrived. The Defendant was then asked to exit the vehicle. As the Defendant exited the vehicle and turned, Officer Diaz saw the Defendant's shirt lift up, and Officer Diaz saw a gun in the small of the Defendant's back. The Defendant was arrested for Carrying a Concealed Firearm.
Appellant's case turns on the legality of the stop from the moment Officer Diaz blocked appellant's car and ordered him to stay inside of it. As the trial court held, the stop of appellant was valid, since the arresting officer had probable cause to believe that a traffic infraction had occurred. See Whren v. United States, 517 U.S. 806, 817-19, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); Holland v. State, 696 So.2d 757 (Fla.1997). Whether the arresting officer would have enforced the traffic law absent potentially drug related activity is immaterial to the validity of the stop, provided that the officer had probable cause to believe that a traffic violation had occurred. See Mendez v. State, 678 So.2d 388 (Fla. 4th DCA 1996); Petrel v. State, 675 So.2d 1049, 1050 (Fla. 4th DCA 1996). Ft. Lauderdale Ordinance No. 26-127 provides:
No person shall stop, stand, or park a vehicle on any portion of a street lane designated for the exclusive use of vehicular movement, except when necessary to avoid conflict with other traffic or in compliance with the direction of a police officer.
Section 316.008(1)(a), Florida Statutes (1997), allows local authorities to regulate or prohibit "stopping, standing, or parking" on streets and highways under their jurisdiction. Under the facts as determined by the trial court, Officer Diaz had probable cause to make a traffic stop under the ordinance. Even though the trial court based the officer's authority to make the stop on sections of the Uniform Traffic Control Law which do not apply, a decision of the trial court should be affirmed, even when based on erroneous reasoning, if "an alternative theory supports it." Caso v. State, 524 So.2d 422, 424 (Fla. 1988); Belvin v. State, 585 So.2d 1103 (Fla. 2d DCA 1991).
AFFIRMED.
DELL and SHAHOOD, JJ., concur.