741 So.2d 1268 (1999)
Bruce WELCH, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2615.
District Court of Appeal of Florida, Fifth District.
October 15, 1999.
*1269 James B. Gibson, Public Defender, and A.S. Rogers, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Welch appeals from his judgment and sentence for possession of cocaine.[1] He pled no contest to the charge, specifically reserving his right to appeal the denial of his motion to suppress evidence of the cocaine seized during the search of an automobile. We have jurisdiction[2] and we reverse.
The facts in this case are not in dispute. On March 12, 1998, two police officers, King and Smith, stopped a Cadillac because it had an inoperable tail light. As the officers approached the Cadillac, the driver, Feleshiman Radford, told them he did not have a driver's license, and had never had one. Welch was a passenger in the right front seat.
Officer King took possession of the car keys, and while the officers checked computer records, the car and the two men inside were not free to leave. When the officers got confirmation that Radford had no driver's license, they decided to issue Radford a citation for a second degree misdemeanor for driving a vehicle without a license,[3] in lieu of arresting him as they could have done. As part of that process, the officers asked Radford and Welch to step out of the Cadillac and they searched it.
In the process of the search, Smith found a small amount of cocaine wrapped in brown paper on the passenger seat where Welch had been sitting. Welch was arrested. Radford was allowed to walk home or call for a ride. The Cadillac was left where it was parked.
*1270 At the suppression hearing, the officers admitted they had seen no evidence of any criminal activity, and had no probable cause to search the vehicle other than Radford's driving without a license. They believed they had the right to search the vehicle as incident to issuing a criminal citation in lieu of making an arrest.
The state cited to section 901.28, which provides:
The issuance of a notice to appear shall not be construed to affect a law enforcement officer's authority to conduct an otherwise lawful search, as provided by law.
The trial court expressed concerns about the constitutionality of this statute, since it could permit searches for trivial traffic infractions, but it declined to hold the statute unconstitutional.
Initially, the state argued at the suppression hearing and on appeal that Welch lacks standing to contest the validity of the search. See, e.g., Fontana v. State, 581 So.2d 585 (Fla.1991) (passenger had no standing to challenge search); State v. Hernandez, 718 So.2d 833 (Fla. 3d DCA 1998) (passenger who was lawfully stopped lacked standing to challenge the subsequent search of the vehicle where he asserted no ownership or possessory interest in the car or its contents); Amoss v. State, 547 So.2d 716 (Fla. 1st DCA 1989) (mere passenger normally does not have standing to contest the search of a car in which he is riding).
However, under the Florida Constitution,[4] interpretation of Fourth Amendment issues and parallel Florida constitutional provisions are controlled exclusively by the United States Supreme Court interpretations. In Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), the Court concluded that the better analysis focuses on the extent to which a particular defendant's rights are infringed, rather than on any concept of "standing." See also Dean v. State, 478 So.2d 38 (Fla.1985).
The stop of an automobile and the detention of its occupants constitutes a seizure of those persons.[5] Thus a passenger has standing to object to the stop of a vehicle in which he was a passenger since that stop resulted in his seizure. Hernandez; Silverman v. State, 610 So.2d 116 (Fla. 4th DCA 1992); Velez v. State, 554 So.2d 545 (Fla. 5th DCA 1989), rev. denied, 563 So.2d 635 (Fla.1990); Wulff v. State, 533 So.2d 1191 (Fla. 2d DCA 1988); State v. Montano, 527 So.2d 916 (Fla. 3d DCA 1988); Adams v. State, 523 So.2d 190 (Fla. 1st DCA 1988); State v. Beja, 451 So.2d 882 (Fla. 4th DCA 1984), cause dismissed, 469 So.2d 750 (Fla.1985).
Further, if a stop is permissible, as for a traffic infraction,[6] the stop must last no longer than is reasonably necessary to deal with the situation. In this case, the stop should have lasted no longer than sufficient to give Radford a citation. United States v. Sharpe, 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985). In Florida, the courts have held that a traffic stop must last no longer than the time it takes to write the traffic citation. Thomas v. State, 614 So.2d 468 (Fla.1993); Cresswell v. State, 564 So.2d 480 (Fla.1990); McNeil v. State, 656 So.2d 1320 (Fla. 5th DCA 1995); Joseph v. State, 588 So.2d 1014 (Fla. 2d DCA 1991). There was no basis *1271 to detain Welch beyond that time or to frisk him for weapons.[7]
The only basis to arrest Welch was the discovery of the cocaine in the area where he had just been sitting in the car. The legality of its discovery depends upon the validity of the search "incident to the issuance of the citation in lieu of arrest" of the driver.
No case law that we have discovered justifies a search of a vehicle under these circumstances. The United States Supreme Court has upheld a search incident to a custodial arrest for a traffic violation. United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). Had the officers in this case arrested Radford, which they could have done,[8] the search of the vehicle would have been permissible, and the search could lawfully have extended to the passenger compartment and all containers inside. New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).
However, in Knowles v. Iowa, 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998), the United States Supreme Court held that the Fourth Amendment does not authorize a full automobile search "incident to citation." In that case, an Iowa police officer stopped Knowles for speeding, and issued him a citation rather than arresting him. Iowa law provided for arresting an individual in those circumstances, but it also authorized the practice, which was followed in that case, of issuing a citation in lieu of an arrest. Like the Florida statute quoted above, Iowa had a law which provided the issuance of a citation in lieu of an arrest "does not affect the officer's authority to conduct an otherwise lawful search." The Iowa Supreme Court held this provision authorizes police officers to conduct a full-blown search of an automobile and the driver in those cases where the police elect not to make a custodial arrest and instead issued a citation.
The Court held that the search in Knowles violated the Fourth Amendment. It pointed out there are two reasons for the search incident to an arrest exception to the warrant requirement. First, there is a need to disarm the suspect in order to take him or her into custody. Second, there is a need to preserve evidence for later use at trial. Neither of these reasons is sufficient to justify a search pursuant to a citation. The threat to officer safety from issuing a traffic citation is much less than in the case of a custodial arrest. Nor is there any need to discover and preserve evidence. Once the driver has been stopped and issued a citation, all the evidence *1272 necessary to prosecute that offense has been obtained.
This case is indistinguishable from Knowles. Although the Florida statute appears to authorize the search which was conducted in this case, a state statute cannot authorize what the United Sates Constitution prohibits.[9] To the extent that it purports to do so, it is unconstitutional and it is our duty to declare it so. The search and seizure in this case violated Welch's Fourth Amendment rights, and the evidence seized should have been suppressed.
REVERSED.
THOMPSON, J., concurs.
HARRIS, J., concurs specially with opinion.
HARRIS, J., concurring specially.
Although I agree with the majority's analysis, I would hold section 901.28, Florida Statutes (1997), unconstitutional only as applied in this case. Had the sequence of events been different, then the application of section 901.28, even if perhaps unnecessary, would seem most appropriate.
The problem here is that the search took place after the summons was issued. But suppose after the driver announced that he had no driver's license, raising doubt as to his identity, the officer required both the driver and the passenger to exit the vehicle for officer safety while a computer check could be conducted. This action would be appropriate under Knowles v. Iowa, 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998). Even though taking the driver's keys was only an "informal" arrest of the driver, concern for officer safety would nevertheless justify requiring the passengers to exit the vehicle. Such concern, if the officer had reasonable suspicion that the occupants of the vehicle might be dangerous, could also justify a "Terry patdown" of the passenger compartment to prevent the occupants from gaining immediate control of weapons. See Knowles. Keep in mind that the officer was detaining the driver and the vehicle (apparently the passenger was free to walk away if he pleased) in order to conduct a computer check of the driver. The officer had no idea what his computer search might reveal or what incentive the occupants might have to avoid arrest. As it turned out, the computer check merely confirmed the driver's statement that he had no license. The officer then determined that a summons, as opposed to a formal arrest, was sufficient. Once this determination was made, there was no justification for a search of the vehicle and to the extent section 901.28 seems to permit it[1], it is invalid. However, had the officers discovered the cocaine during a proper "patdown" of the passenger compartment as outlined above, then the passenger's arrest would have been appropriate and he could not complain that the officer later determined to issue only a summons to the driver because the search was "otherwise lawful."
NOTES
[1] § 893.13(6)(a), Fla. Stat.
[2] Fla. R.App. P. 9.140(b)(2)(A); Robinson v. State, 373 So.2d 898 (Fla.1979); Covington v. State, 728 So.2d 1195 (Fla. 4th DCA 1999); Patterson v. State, 569 So.2d 1386 (Fla. 4th DCA 1990); Newbold v. State, 521 So.2d 279 (Fla. 2d DCA 1988); Banks v. State, 467 So.2d 386 (Fla. 5th DCA 1985).
[3] § 322.03(1), Fla. Stat.
[4] Art. 1, § 12, Fla. Const.
[5] Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); Wulff v. State, 533 So.2d 1191 (Fla. 2d DCA 1988); State v. Montano, 527 So.2d 916 (Fla. 3d DCA 1988); Adams v. State, 523 So.2d 190 (Fla. 1st DCA 1988); State v. Beja, 451 So.2d 882 (Fla. 4th DCA 1984), cause dismissed, 469 So.2d 750 (Fla. 1985).
[6] Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); Saviory v. State, 717 So.2d 200 (Fla. 5th DCA 1998), rev. denied, 729 So.2d 394 (Fla.1999); Scott v. State, 710 So.2d 1378 (Fla. 5th DCA 1998); State v. Snead, 707 So.2d 769 (Fla. 2d DCA 1998).
[7] See Smith v. State, 735 So.2d 570 (Fla. 2d DCA 1999) (the authority to remove a passenger from a vehicle legitimately stopped for traffic infraction did not automatically give the officer the authority to frisk him; patdown search was thus unconstitutional and motion to suppress must be granted); Wilson v. State, 734 So.2d 1107 (Fla. 4th DCA 1999) (defendant's motion to suppress should have been granted where deputy was not justified in detaining him for any purpose during a traffic stop); McNeil (where the passenger did nothing to warrant her individual detention and there was no independent, reasonable suspicion that her purse contained contraband, the requirement that she leave her purse in the vehicle during a dog sniff constituted an impermissible seizure); E.H. v. State, 593 So.2d 243 (Fla. 5th DCA 1991) (officer was not justified in searching passengers in a vehicle stopped for a traffic offense where the officer lacked probable cause to believe the passengers were armed); Joseph v. State, 588 So.2d 1014 (Fla. 2d DCA 1991) (defendant's continued detention at the scene after traffic stop was illegal, thereby rendering the subsequent search of their vehicle improper, when there was no evidence of criminal wrongdoing which could have justified their detention beyond the time necessary for the issuance of a traffic citation); Johnson v. State, 537 So.2d 117 (Fla. 1st DCA 1988) (valid stop of an automobile in which the defendant was a passenger did not give officer authority to conduct a frisk; officer did not have probable cause or even a reasonable suspicion to believe that the passenger was armed and dangerous).
[8] See State v. Gonzalez, 562 So.2d 705 (Fla. 3d DCA 1990); Kelly v. State, 321 So.2d 98 (Fla. 1st DCA 1975).
[9] Traylor v. State, 596 So.2d 957 (Fla.1992); Neisel v. Moran, 80 Fla. 98, 85 So. 346 (1919); Fayson v. State, 678 So.2d 525 (Fla. 5th DCA 1996).
[1] Perhaps we are reading more into the statute than the legislature intended. Section 901.28 does not say that a search can be conducted upon the issuance of a summons; it merely provides that an otherwise lawful search shall not be affected if the officer issues a summons instead of making a formal arrest.