PER CURIAM.
G.D., a juvenile, appeals his adjudication of delinquency alleging that there was no reasonable suspicion to support a stop. For the following reasons, we reverse.
First, the state argues on appeal that G.D., as a passenger, lacks standing to contest the traffic stop. This argument is without merit. Contrary to the state’s position, it is well established that a passenger has standing to object to a stop of the vehicle because that stop results in his seizure. See, e.g., State v. Montano, 527 So.2d 916, 917 (Fla. 3d DCA 1988); Welch v. State, 741 So.2d 1268, 1270 (Fla. 5th DCA 1999).
There is no evidence in the record to justify the traffic stop. The officer testified that the vehicle’s driver was not violating any traffic laws. The officer founded the stop on his suspicion that three young African-American males driving around in a late model car in a certain area must have stolen the vehicle. The officer admitted that there was nothing about the vehicle that would have indicated it was stolen. A tag check revealed that the vehicle had not been reported stolen. Therefore, the officer’s observations were insufficient to provide him with a reasonable suspicion to justify a stop; he operated merely on a hunch, a bare suspicion. See Coladonato v. State, 348 So.2d 326 (Fla.1977) (police may not stop vehicle to question its occupants on a bare suspicion of criminal activity where officer only saw U-Haul van with out-of-state plates in business district at night, which was unusual place and time to find such a vehicle); Schneider v. State, 353 So.2d 870 (Fla. 4th DCA 1977) (stopping vehicle based on suspicion and because occupants “didn’t look right” impermissible); Thomas v. State, 297 So.2d 850 (Fla. 4th DCA 1974) (merely stopping car “to see if it was stolen” is illegal).
For the above reasons, we reverse the adjudication of delinquency because no reasonable suspicion supported the stop.
REVERSED.