IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WESLEY THOMPSON FOLEY, JR.,

     Appellant,

v.                            Case No.  5D15-1995

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed April 8, 2016

Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

Baya Harrison, III, Monticello, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Appellee.

ON CONCESSION OF ERROR

PER CURIAM.

     Wesley Thompson Foley, Jr., appeals the judgment and sentences for

possession of a firearm and ammunition by a convicted felon and possession of

methamphetamine.  Foley tendered a nolo contendere plea to these charges, reserving

the right to appeal the trial court's denial of his dispositive motion to suppress evidence

seized during the search of a vehicle in which he was a passenger.[1]  Foley argues that the trial court erred in finding that he did not have standing to contest the search of the vehicle.  The State commendably concedes error and requests that we remand this case back to the trial court for an evidentiary hearing.  We agree.

Foley was the front seat passenger in a vehicle which was stopped by Citrus County Sheriff's Deputy Seffern for a traffic infraction.  The deputy asked the driver for her license, registration, and insurance card, and the driver complied.  Deputy Seffern then asked the driver for consent to search the vehicle, but the driver refused.  The deputy thereafter called for a K-9 backup, and Deputy Laborda, also with the Citrus County Sheriff's Department, arrived on the scene with a drug-sniffing dog.  Deputy Laborda walked his dog around the vehicle, and the dog alerted at the front passenger door.  The vehicle was then searched by the deputies, and methamphetamine was found in the front passenger door panel.  Ammunition was thereafter confiscated from the search of duffel bags owned by Foley that were located in the backseat of the vehicle.  A firearm that was wrapped in camouflage tape was also seized from the vehicle, and Foley's fingerprints were found on the camouflage tape.  Foley was arrested, and the driver was released after being issued a warning for a traffic violation.  Foley later moved to suppress all the aforementioned evidence obtained by the search, arguing that it was seized in violation of his Fourth Amendment rights.

The Florida and United States Constitutions protect the "right of the people to be secure in their persons . . . against unreasonable searches and seizures."  *See* U.S.

---

[1] A defendant may appeal a conviction based on a nolo contendere plea only if he expressly reserves the right to appeal a prior dispositive order of the trial court.  *See* *Brown v. State*, 376 So. 2d 382, 384 (Fla. 1979); *see also* Fla. R. App. P. 9.140(b)(2)(A)(i).

Const. amends. IV, XIV; Art. 1, § 12, Fla. Const.  When a police officer makes a traffic stop, the driver of the car and any passengers in the car are seized within the meaning of the Fourth Amendment and may challenge the constitutionality of the stop.  *Brendlin v. California*, 551 U.S. 249, 251 (2007).  Here, Foley does not contest the initial traffic stop of the vehicle.  However, to avoid infringing on the Fourth Amendment, even when the initial traffic stop is permissible, it must last no longer than is reasonably necessary to issue the citation.  *See Eldridge v. State*, 817 So. 2d 884, 887 (Fla. 5th DCA 2002) (citations omitted); *Welch v. State*, 741 So. 2d 1268, 1270 (Fla. 5th DCA 1999) (citations omitted).  Additionally, while the use of a narcotics dog to sniff a vehicle does not constitute a search and may be conducted during a traffic stop, "the canine search of the exterior of the vehicle must be completed within the time required to issue [the traffic] citation."  *Whitfield v. State*, 33 So. 3d 787, 790 (Fla. 5th DCA 2010) (citations omitted).  Put differently, law enforcement's authority from the seizure ends when tasks tied to the traffic citation are, or reasonably should have been, completed, making the "critical question . . . not whether the dog sniff occurs before or after the officer issues a ticket . . . but whether conducting the sniff 'prolongs'—*i.e.*, adds time to—'the stop.'" *Rodriguez v. United States*, 135 S. Ct. 1609, 1616 (2015).

In his motion to suppress, Foley essentially argued that an unreasonable delay occurred between the time of the initial traffic stop and the issuance of the traffic citation warning, resulting in an "illegal detention" and, therefore, an "illegal seizure" of the evidence.  At the suppression hearing, the trial court did not address the merits of Foley's motion.  Instead, the court ruled that Foley did not have standing to contest the

search of the car.[2]   We disagree.   First, as the State concedes, Foley had acknowledged to law enforcement at the scene prior to the search that he owned the duffel bags in the backseat of the vehicle.  Thus, Foley established a proprietary interest in what was located in one of the bags (ammunition) and had standing to contest the search of the bag.  *See State v. Hernandez*, 718 So. 2d 833, 836 (Fla. 3d DCA 1998) (recognizing general rule that passenger of vehicle lacks standing to contest search of vehicle except where passenger establishes legitimate expectation of privacy in area searched by demonstrating ownership interest or other lawful proprietary interest in area).  Second, if the length of time of the traffic stop was prolonged by the dog sniff, then Foley's continued detention became unlawful, and he had standing to seek to suppress evidence obtained during the subsequent search.  *See Williams v. State*, 869 So. 2d 750, 751–52 (Fla. 5th DCA 2004) (finding that driver held for a time that far exceeds that which was necessary to issue the citation was illegally detained at the time the canine search began, making the search improper and the items found illegally seized); *Powell v. State*, 649 So. 2d 888, 889 (Fla. 2d DCA 1995) holding that continued detention is illegal if reason for initial stop resolved, any fruits of search after unlawful detention should have been suppressed).

In summary, we reverse Foley's convictions and sentences and the present denial of his motion to suppress, and we remand with directions that the trial court hold an evidentiary hearing to address the merits of his motion.

REVERSED and REMANDED with directions.

BERGER, LAMBERT, and EDWARDS, JJ., concur.

---

[2] No testimony was taken at the hearing.  Additionally, the order entered is a form order which denies the motion without explication.